LABOR MEDIATION BOARD *v.* NATIONAL MUSIC CAMP.

1. LABOR RELATIONS—LABOR MEDIATION BOARD—ORDER—SUMMARY ENFORCEMENT.

The Court of Appeals is required by statute, on a petition to enforce orders of the Labor Mediation Board, to enforce only those orders in which it finds that the board has: (a) acted within its statutory powers, (b) held a hearing comporting with procedural due process, (c) made findings based upon substantial evidence, and (d) ordered an appropriate remedy.

2. LABOR RELATIONS—LABOR MEDIATION BOARD—SUMMARY ENFORCEMENT—STATUTES—PLEADING—SUFFICIENCY—DECISION ON MERITS —JURISDICTION.

Answer to a petition in the Court of Appeals to enforce an order of the Labor Mediation Board was sufficient to raise an issue which should have been decided on the merits where the answer thereto alleged that the board's decision was not supported by competent and substantial evidence and was contrary to law, that the defendant's objections to the decision and order were urged before the board, that the petition sought summary enforcement of the board's decision and order without

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 48 Am Jur 2d, Labor and Labor Relations § 1400.

review of the issues of fact and law and that summary en-
forcement would contravene the applicable statute in that such
proceedings would deprive the Court of Appeals of its statu-
tory jurisdiction and authority and defendant's supporting
brief set forth sub-sections (e) and (f) of the applicable
statute, set forth reasons why a party aggrieved by the
board's order may file a complaint and obtain review under
sub-section (f), emphasized the similarity between the wording
of the Michigan statutory provisions, applicable in the present
issue, with the language of the National Labor Relations Act,
why summary enforcement would be inconsistent with pro-
cedure under parallel statutes, emphasized that it had raised
objections properly before the board and the issues were
reserved for review, and where the board filed no objections to
defendant's answer and the Court of Appeals did not advise
defendant that it considered the answer insufficient (MCLA
§ 423.23; 29 USC §§ 151, 160[e][f]).

3. LABOR RELATIONS—LABOR MEDIATION BOARD—JURISDICTION—SUM-
   MARY ENFORCEMENT—REVIEW—AFFIRMATIVE RELIEF—APPEAL AND
   ERROR—ADMINISTRATIVE LAW AND PROCEDURE.

   On a petition in the Court of Appeals to enforce an order of
   the *Labor Mediation Board, it was not necessary for de-
   fendant* to pursue separate or independent avenues of review
   as defendant was entitled to raise all pertinent questions and
   obtain any affirmative relief, including the jurisdiction of the
   board, the regularity of its proceedings, all questions of con-
   stitutional right or statutory authority, whether a party before
   the board had a fair hearing including the right to produce
   evidence and conduct a cross-examination material to the
   issues before the board, although defendant could have chosen
   to have a complete and full appeal in which event it would
   have been subject to the time and manner requirements pro-
   vided by the pertinent court rules relating to review of ad-
   ministrative actions (GCR 1963, 806.6).

4. LABOR RELATIONS—LABOR MEDIATION BOARD—DECISION ON MERITS
   —APPEAL AND ERROR—REVERSAL.

   Order of the Court of Appeals granting Michigan Labor Medi-
   ation Board summary enforcement of its order against de-
   fendant employer is reversed and remanded to the Court of
   Appeals for a hearing on the record, where defendant filed an
   answer to the petition in the Court of Appeals sufficient to
   raise an issue that should have been decided on the merits.

Appeal from Court of Appeals, Division 2, T. G. Kavanagh, P. J., and McGregor and Quinn, JJ., denying application for rehearing of an order of Court of Appeals enforcing an order of the Michigan Labor Mediation Board. Submitted December 9, 1969. (Calendar No. 42, Docket No. 52,133.) Decided May 4, 1970.

The Michigan Labor Mediation Board filed a petition with the Court of Appeals for enforcement of its order against National Music Camp, a Michigan corporation, and Interlochen Arts Academy, a Michigan corporation. Partial enforcement order granted. Plaintiffs and defendants petitioned the Court of Appeals for rehearing. Rehearing denied. Defendants appeal. Reversed and remanded to Court of Appeals.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for the plaintiff.

*Murchie, Calcutt & Brown* and *Miller, Johnson, Snell & Cummiskey (James L. Stokes,* of counsel), for defendants.

KELLY, J. A consent election was conducted by the Michigan Labor Mediation Board (hereinafter referred to as the board) to determine whether certain employees of National Music Camp and Interlochen Arts Academy (hereinafter referred to as Interlochen) desired to be represented for collective bargaining purposes by Northwestern Michigan Building and Construction Trades Council, AFL–CIO, and the Hotel & Restaurant Employees and

Bartenders International Union, Local 323, AFL–CIO.

Subsequent to the election the two unions filed objections thereto claiming that certain pre-election activities and unfair labor practices on the part of Interlochen had improperly affected the election, and asking that the result of the election be set aside and that Interlochen be ordered to bargain with the unions.

After a hearing conducted by the board's trial examiner, the examiner issued his decision recommending "that the board enter an order setting aside the election conducted August 1, 1966, and directing a re-run election, because of the employer's improper conduct during the pre-election period", and, also, recommending that Interlochen "cease and desist from" certain specified actions and take specified "affirmative action".

On June 6, 1967, the board entered its decision and order substantially adopting the recommendations of the trial examiner; directing the election be set aside, a new election be held, and ordering Interlochen to take steps to correct unfair labor practices.

The board on July 24, 1967, received a letter from the attorneys for defendants which stated in part:

"We have determined that there is no change in position; that the employer will not comply with the board's order of June 6, 1967.

"We appreciate your patience during the period of indecision. To save time and expense, you may advise the Attorney General's office that we will accept service for, and appear on behalf of, the employer in enforcement proceedings."

The Attorney General, on behalf of the board, on February 29, 1968, filed with the Court of Appeals a petition for enforcement of the board's order and

a brief in support thereof stating that the facts as found by the board in its order were sustained by a record containing competent and substantial evidence; that Interlochen has refused to comply with the order and has notified the board that it will not do so; that Interlochen had the right to review under sub-section (f) of § 23 of the act;[1] and that "their neglect or refusal to avail themselves of their statutory remedy, as above, precludes any complaint by them with reference to the substance of the board's order."

Interlochen filed its answer to the petition, alleging that the board's decision was not supported by competent and substantial evidence and was contrary to law; that Interlochen's objections to the decision and order were urged before the board, and a copy of said objections was attached to the petition;[2] and "that the petition for enforcement filed herein, in effect, seeks summary enforcement of the said decision and order without review of the issues of fact and law; that the proposed summary enforcement contravenes the applicable statute in that such proceeding would deprive this court of its statutory jurisdiction and authority."

---

[1] MCLA § 423.23 (Stat Ann 1968 Rev § 17.454[25]).

[2] "(1) The said decision and recommended order erroneously finds that the grievance committee is a labor organization within the definition of § 2(g) of LMA [Labor Mediation Act] and is a 'company union' within the definition of § 2(a) of LMA.

"(2) The said decision and recommended order erroneously determines that respondents' conduct in a meeting held July 26, 1966 and in the transmitting of a memorandum dated July 25, 1966 or other conduct of respondents, constituted pre-election interference and was conduct unfairly affecting the election under § 29 of LMA.

"(3) The said decision and recommended order erroneously finds that Russell Willingham's termination was in violation of § 16(3) of LMA.

"(4) The said decision and recommended order in the specific matters noted above is contrary to the preponderance of the evidence considered in relation to the charges, the objections and the burden of proof thereon."

In addition to their answer, defendants filed a "Brief in Opposition to Petition for Enforcement." In this brief, defendants set forth in full subsections (e) and (f) of the applicable statute;[3] set forth reasons why a party aggrieved by the board's order

---

[3] "(e) The board may petition the Court of Appeals for the enforcement of the order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings. Upon the filing of the petition, the court shall cause notice thereof to be served upon the person, and thereupon shall have jurisdiction of the proceeding and shall grant such temporary or permanent relief or restraining order as it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the board. No objection that has not been urged before the board, its member or agent, shall be considered by the court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances. The findings of the board with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive. If either party applies to the court for leave to present additional evidence and shows to the satisfaction of the court that the additional evidence is material and that there were reasonable grounds for the failure to present it in the hearing before the board, its member or agent, the court may order the additional evidence to be taken before the board, its member or agent, and to be made a part of the record. The board may modify its findings as to the facts, or make new findings, by reason of additional evidence so taken and filed, and it shall file the modifying or new findings, which findings with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive, and shall file its recommendations, if any, for the modification or setting aside of its original order. Upon the filing of the record with it the jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review by the Supreme Court in accordance with the General Court Rules.

"(f) Any person aggrieved by a final order of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the Court of Appeals by filing in the Court a complaint praying that the order of the board be modified or set aside, with copy of the complaint filed on the board, and thereupon the aggrieved party shall file in the Court the record in the proceeding, certified by the board. Upon the filing of the complaint, the Court shall proceed in the same manner as in the case of an application by the board under subsection (e), and shall grant to the board such temporary relief or restraining order as it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the board. The findings of the board with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive."

may file a complaint and obtain review under subsection (f); emphasized the similarity between the wording of the Michigan statutory provisions applicable in the present issue with the language of the National Labor Relations Act[4] and why summary enforcement in the present proceeding would be inconsistent with the procedure under parallel statutes.

This "Brief in Opposition to Petition for Enforcement" called attention to the fact defendants realized that, under the Labor Mediation Act, they were precluded from having the Court of Appeals consider any objections which had not been urged before the board or its agent, but emphasized the fact that they had raised objections properly before the board and its agent "and that those issues are reserved for review in this proceeding," and concluded this thought by stating:

"Respondents do not presume at this time to pursue all of the issues of fact and law. Respondents do call the Court's attention to the fact that its objections were pursued in argument of fact and law in a brief submitted to the trial examiner appointed by the board, and that the brief as submitted comprises a part of the record in this cause. Respondents' objections were summarized in respondents' exceptions filed with the Labor Mediation Board in accordance with its rules, a copy of which exceptions is incorporated in petitioner's brief herein."

In a request for oral argument, defendants stated:

"The issues raised and the pleadings and record in this cause are without prior precedent, and procedural issues raised are of major significance to the jurisprudence of this State."

---

[4] 29 USC §§ 151, 160(e), 160(f).

No objections were filed by the board to Interlochen's answer, nor did the Court of Appeals advise Interlochen that it considered the answer insufficient.

The Court of Appeals, without reference to Interlochen's request for oral argument, on May 16, 1968 (without opinion) issued its order that Interlochen "comply forthwith with that part of the order of the Labor Mediation Board dated June 6, 1967, and entitled 'Order on Unfair Labor Practice Charges,'" stating that said order was issued because Interlochen failed "to specify any findings of the board with respect to questions of fact unsupported by competent, material and substantial evidence on the record considered as a whole, and which fails to specify any part of said order that is contrary to law."

June 8, 1968, Interlochen filed its motion for rehearing, alleging:

"That the order of this Court filed on the 20th [16th] day of May, 1968 fails to accord to respondents an opportunity to be heard on the respective allegations contained in and the issues raised by the petition and answer as filed; that, respondents, if permitted to do so, can produce meritorious argument, fact and legal precedent establishing that the order of the Michigan Labor Mediation Board dated June 6, 1967 is not supported by competent, material and substantive evidence on the record as a whole and is contrary to law."

In a brief supporting its motion for rehearing, Interlochen called to the Court of Appeals' attention that "the exact procedure in this matter is without precedent" and "not adequately set forth in the General Court Rules"; that its answer, in the main, was addressed to the procedural issue, *i.e.,* whether the board was entitled to summary enforcement without inquiry into the merits; that it had assumed

that the board's petition initiated an original proceeding controlled by GCR 1963, 816.2, rather than an appeal; that "the only analogous procedure known to respondents is that followed in the United States Circuit Court of Appeals on petition for enforcement of orders of the NLRB.[5] Such proceedings are taken under a statute basically similar to the enforcement provisions of the Michigan Labor Mediation Act"; that if Interlochen is given the opportunity, they will present to the Court of Appeals "meritorious argument based upon the record".

In this brief, Interlochen set forth reasons why the record did not justify the board's finding that Interlochen had:   (1) threatened to subcontract work if its employees joined a union; (2) fired an employee to discourage others from joining the union; (3) endeavored to form its own "company union," or grievance committee, to thwart the efforts of its employees toward forming a union, and stated that the reasons set forth were merely some of the reasons that would be advanced as to why the Court of Appeals should find that the record did not sustain the board's finding.

The board moved for rehearing in the Court of Appeals pointing out that the Court had granted only partial enforcement, having made no provision for enforcement of that portion of the board's order directing a new election.

July 10, 1968, the Court of Appeals, without comment, denied Interlochen's motion for rehearing, and on July 30, 1968, Interlochen filed application for leave to appeal to this Court alleging that no opportunity had been accorded for hearing on the petition for enforcement, and further alleging the existence of a meritorious issue of fact and law.

---

[5] National Labor Relations Board.

,July 3, 1968, the Court of Appeals denied the board's motion for rehearing and on July 24, 1968, the board filed its application for leave to appeal to the Supreme Court.

July 26, 1968, the Court of Appeals, on its own motion, entered an order amending its previous order so as to include the direction of a new representation election.

The board moved this Court to withdraw its application for leave to appeal. This Court granted the board's motion to withdraw and, on the same day, granted Interlochen's application for leave to appeal (381 Mich 781).

Lack of precedent as to proper procedure caused Interlochen to unsuccessfully seek guidance from the Court Clerk.

The fact that the Michigan legislature had adopted almost verbatim the Federal procedure for reviewing the order of the board, plus the provisions of GCR 1963, 816.2(2)(a), caused Interlochen to file an answer that set forth: (1) why the board was not entitled to summary enforcement; and (2) why the record did not sustain the board's order and decision.

In this Court, the board did not, by brief or argument, refer to or answer Interlochen's argument in regard to summary enforcement, but requested this Court to (1) affirm the Court of Appeals' holding that Interlochen's answer was deficient and precluded a decision on the merits, or to (2) review the whole record and decide that competent, material and substantial evidence supported the board's decision and order.

Nothing has been added in this Court to the record filed in the Court of Appeals that relates to the merits of the case.

We find: (1) Plaintiff is not entitled to summary enforcement. The Court of Appeals is required by statute to enforce, upon a petition for enforcement, only those orders in which it finds that the board has (a) acted within its statutory powers; (b) held a hearing comporting with procedural due process; (c) made findings based upon substantial evidence; and (d) ordered an appropriate remedy. 48 Am Jur 2d, Labor and Labor Relations, § 1078, pp 663, 664. (2) Interlochen filed a sufficient answer to bring before the Court of Appeals an issue that should have been decided on the merits. It was not necessary for defendant to pursue separate or independent avenues of review. As concisely stated in 48 Am Jur 2d, Labor and Labor Relations, § 1086, p 668:

*"Where the NLRB has petitioned for enforcement of its order, no separate proceeding is needed to obtain a review of the proceeding resulting in the order, and the person proceeded against is entitled to raise all pertinent questions and to obtain any appropriate affirmative relief. He can, for example, raise all questions of the NLRB's jurisdiction and the regularity of its proceedings and all questions of constitutional right or statutory authority.* The finality accorded to NLRB findings in enforcement proceedings does not preclude the Court of Appeals from considering whether a party before the NLRB had a fair hearing, including the right to produce evidence and conduct a cross-examination material to the issues before the NLRB." (Emphasis added.)

Defendant, of course, could have chosen to appeal subject to the time and manner requirements provided by the pertinent court rules relating to review of administrative actions. See GCR 1963, 806.6.

We conclude that it was incumbent upon the Court of Appeals to pass upon the properly presented

question of whether the findings of the board were based upon substantial evidence.

We grant Interlochen's request "that the said order of the Court of Appeals be reversed and the matter be remanded to the Court of Appeals for hearing on the record" to determine if the order of the board is a statutorily proper order for enforcement.

Costs to abide the final results.

T. E. BRENNAN, C. J., and DETHMERS, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred with KELLY, J.