DEARBORN FIRE FIGHTERS ASSOCIATION, LOCAL 412,
I. A. F. F., AFL-CIO v CITY OF DEARBORN

1. LABOR RELATIONS—ARBITRATION AWARDS—REVIEW—COLLECTIVE
   BARGAINING AGREEMENTS—JURISDICTION.

   A defendant's attack on a prior interest arbitration award is not
   timely or appropriate when made as a counterclaim in a suit
   brought to enforce a subsequent grievance arbitration award
   which resulted when the plaintiff filed a grievance under the
   collective bargaining agreement reached pursuant to the prior
   interest arbitration award; in such a suit the only issue open
   for review is whether, taking the contract as written to be the
   governing law of the dispute, the grievance arbitrator had
   jurisdiction to enter his award.

2. LABOR RELATIONS—MUNICIPAL CORPORATIONS—ARBITRATION
   AWARDS—REVIEW—APPEAL AND ERROR—CIRCUIT COURTS—JU-
   RISDICTION—EVIDENCE—UNLAWFUL MEANS—STATUTES.

   The orders of an arbitration panel made pursuant to the statutes
   regarding compulsory arbitration of labor disputes between a
   municipality and its police or fire departments are reviewable
   by a circuit court but only for these limited reasons: that the
   arbitration panel was without or exceeded its jurisdiction, that
   the order is unsupported by competent, material and substan-
   tial evidence on the whole record, or that the order was
   procured by fraud, collusion or other similar and unlawful
   means (MCLA 423.242; MSA 17.455[42]).

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted March 1, 1977, at Detroit. (Docket No.
28504.) Decided September 6, 1977.

Complaint by the Dearborn Fire Fighters Associ-
ation, Local 412, I. A. F. F., AFL-CIO, against the
City of Dearborn for a writ of mandamus and for

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 48 Am Jur 2d, Labor and Labor Relations §§ 1330, 1401.
Constitutionality of arbitration statutes. 55 ALR2d 432.

specific performance of a grievance arbitration award. Counterclaim by defendant seeking review of a prior interest arbitration award. The plaintiff was granted mandamus, specific performance of the grievance arbitration award, and summary judgment on the defendant's counterclaim. Defendant appeals. Affirmed.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P. C.* (by *Ronald R. Helveston),* for plaintiff.

*William C. Hultgren* and *Eugene A. Forbes,* for defendant.

Before: D. E. HOLBROOK, P. J., and BASHARA and W. F. HOOD,* JJ.

W. F. HOOD, J. Plaintiff brought suit in the Wayne County Circuit Court to enforce an arbitration award in a grievance proceeding. Defendant filed a counterclaim seeking review of a prior "interest" arbitration award entered under 1969 PA 312,[1] (herein referred to as Act 312). The trial court granted plaintiff the relief requested in its complaint; and entered summary judgment in favor of plaintiff on defendant's counterclaim. Defendant appeals of right.

This appeal is another chapter in a long-running dispute between the Dearborn city government and its fire fighters union over the utilization by the city of a volunteer fire fighting force. The Dearborn Volunteer Fire Department was created by the city government in late 1973. The volunteers are not members of the plaintiff union.

In 1974 the plaintiff union and the defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 423.231 *et seq.,* MSA 17.455(31) *et seq.*

city entered into negotiations on a new collective bargaining agreement. These negotiations reached an impasse on a number of issues. Subsequent to the impasse, the plaintiff and defendant initiated compulsory arbitration pursuant to Act 312. In accordance with that act, a three-member arbitration panel was appointed. The panel held hearings on eight separate days during September, October and November of 1974.

In September of 1974 the defendant city assigned to the volunteer fire department primary responsibility for fighting grass and brush fires within the city limits of Dearborn. The plaintiff union injected the issue of this utilization of the volunteer force into the Act 312 arbitration under the heading of "erosion of the bargaining unit".

The Act 312 panel found that the issue was within its jurisdiction and allowed testimony on the issue. The defendant on November 6, 1974, filed suit in Wayne County Circuit Court seeking to block consideration of the bargaining unit erosion issue by the Act 312 panel.

Pursuant to § 8 of Act 312 the parties submitted last best offers on each of the economic issues being arbitrated, including the bargaining unit erosion issue. On February 10, 1975, the Act 312 panel rendered its final opinion and award on some 26 issues, including the unit erosion issue. The award accepted the union's best offer on that issue, which offer thereby became part of the collective bargaining agreement between the parties.

On March 24, 1975, the defendant by stipulation dismissed, without prejudice, its suit in Wayne County Circuit Court.

Subsequent to the award of the Act 312 panel, the defendant and plaintiff implemented the deci-

sions of the panel other than that dealing with the unit erosion issue. On May 25, 1975, the defendant issued a directive giving the volunteer unit primary and initial responsibility for grass and brush fires within the central district of the city. The plaintiff thereafter filed a grievance under the collective bargaining agreement, alleging that the May 25th directive violated the bargaining unit erosion clause and asking that the directive be rescinded and that initial responsibility for grass and brush fires be returned to the plaintiff's members. The plaintiff also filed an unfair labor practice complaint with the Michigan Employment Relations Commission, but this complaint was subsequently dropped.

When the grievance was not resolved during talks between the parties it was submitted to arbitration. The parties mutually chose an arbitrator who held a hearing on October 16, 1975. The plaintiff argued that the directive clearly violated the collective bargaining agreement. The defendant admitted that its directive violated the agreement as written, but renewed its objection to the inclusion of the unit erosion issue into the Act 312 arbitration.

On November 28, 1975, the grievance arbitrator entered an opinion in favor of the plaintiff, finding that the directive violated the collective bargaining agreement and should be rescinded.

On December 3, 1975, the defendant informed the plaintiff by letter that it would not accept the arbitrator's decision. This letter stated that the defendant did not believe that the grievance arbitrator had jurisdiction to render the award and that defendant did not intend to implement the award.

On January 22, 1976, the plaintiff filed suit in

Wayne County Circuit Court seeking enforcement of the grievance arbitration award by writ of mandamus. The defendant answered and as a counterclaim petitioned for a review of the Act 312 arbitration award. Plaintiff then filed a motion for summary judgment on the counterclaim. From the circuit court order granting the plaintiff's complaint for a writ of mandamus and specific performance of the grievance award, and further granting the plaintiff's motion for summary judgment on the defendant's counterclaim, the defendant brings this appeal of right.

A threshold issue in this appeal is whether defendant's attack on the Act 312 interest arbitration award was timely and appropriately made in a suit filed to enforce the grievance award. We hold that it was not.

Section 12 of Act 312 reads as follows:

"Sec. 12. Orders of the arbitration panel shall be reviewable by the circuit court for the county in which the dispute arose or in which a majority of the affected employees reside, but only for reasons that the arbitration panel was without or exceeded its jurisdiction; the order is unsupported by competent, material and substantial evidence on the whole record; or the order was procured by fraud, collusion or other similar and unlawful means. The pendency of such proceeding for review shall not automatically stay the order of the arbitration panel."[2]

The interest arbitration award was entered on February 10, 1975. At that time defendant's suit challenging the jurisdiction of the Act 312 panel to consider the "unit erosion" issue was pending, but instead of pursuing that suit, defendant on March 24, 1975, stipulated to the suit's dismissal.

---

[2] MCLA 423.242; MSA 17.455(42).

On May 25, 1975, defendant issued its directive which, defendant admits, violated the contract as established by the Act 312 panel award. The violation, as a grievance, wound its way through the grievance procedure, to the binding grievance arbitration provided by the contract; and it was only after the plaintiff instituted its suit to enforce the grievance arbitration award that the defendant, by way of counterclaim, sought judicial review of the prior interest arbitration award. The counterclaim was filed on February 10, 1976, one year to the day from the entry of the award defendant sought to review.

In support of defendant's contention that its counterclaim in the grievance award enforcement suit was a timely application for review of the prior interest arbitration award, defendant relies upon *Labor Mediation Board v National Music Camp,* 383 Mich 518; 176 NW2d 588 (1970). In that case the Michigan Labor Mediation Board found the defendant had engaged in unfair labor practices and ordered a new election. The defendant refused to comply and the Attorney General, on behalf of the board, filed with the Court of Appeals a petition for enforcement of the board's order. The defendant answered and challenged the board's action. The Court of Appeals ordered enforcement without specific inquiry into the merits of defendant's contentions. The Supreme Court reversed the decision, holding that the defendant's contentions had been preserved for review.[3]

---

[3] The statute involved in the *National Music Camp* case deals with unfair labor practices in private employment. The statute is MCLA 423.23; MSA 17.454(25). A similar statute, applicable to unfair labor practices in public employment, is MCLA 423.216; MSA 17.455(16). By 1976 PA 17 and 1976 PA 18 both statutes were amended to provide that if a petition for review is not filed in the Court of Appeals by an aggrieved party within 20 days of a commission order, the commission or prevailing party shall be entitled, on application therefor, to a

In the present case, following the Act 312 panel award the plaintiff union might have instituted a suit to enforce the decision of such panel in accordance with § 10 of Act 312. If the union had done so, the defendant city might have used *National Music Camp, supra,* as persuasive precedent for its right to file, at that time, a claim for review of the panel's decision.

The case below, however, was not a suit by the union to enforce, under § 10, the Act 312 panel award. It was a suit to enforce the grievance award of another arbitration. As such, the only issue open for review is whether, taking the contract as written to be the governing law of the dispute, the grievance arbitrator had jurisdiction to enter his award. *Ferndale Education Association v School District for the City of Ferndale #1,* 67 Mich App 637; 242 NW2d 478 (1976). There is no question that the grievance arbitrator had jurisdiction arising from the agreement to rule on whether the directive issued by the defendant, giving initial responsibility for grass and brush fires to the volunteers, violated the agreement.

There is a strong policy argument in support of this limited scope of review of the grievance award. The Act 312 panel decided 26 issues in contention between these two parties, including the bargaining unit erosion question. Even though the defendant claims to have never signed the collective bargaining agreement encompassing those issues, it appears the remaining 25 issues were implemented subsequent to the panel's decision. The defendant, having accepted the benefits arising from the issues it triumphed on during the

summary order enforcing the commission order. Such amendment appears to obviate the Supreme Court decision in the *National Music Camp* case.

arbitration and having accepted all but one of the burdens arising from the issues it lost, now seeks, in effect, to re-arbitrate the unit erosion question. The defendant could have made a direct challenge to the panel's decisions, but chose instead to simply ignore the portion of the bargaining agreement concerning that issue.

If the defendant is allowed to successfully challenge the merits of the Act 312 panel's decision in this case there is nothing to stop defendant from tomorrow ignoring a different provision of the new contract, thereby forcing another grievance proceeding and appeal. The plaintiff could also adopt this tactic and refuse to live up to its side of the agreement. The result would be disaster for the statutory scheme of Act 312.

If police and fire fighter strikes are to be avoided, the alternative method of labor negotiation set up by Act 312's compulsory arbitration scheme must be both expedient and secure. A direct challenge concerning any alleged deficiencies in the arbitration procedure, as allowed by §§ 10 and 12 of the act, is a necessary protection of the rights of the parties, but the challenge procedures are also designed for a quick and binding resolution of all complaints. If a decision of an Act 312 panel is to be "final and binding upon the parties", as called for by § 10, a section-by-section review of that decision, as attempted here, must be rejected on policy as well as legal grounds.

Affirmed. Costs to plaintiff.