LOCAL 1917, METROPOLITAN COUNCIL NO. 23, AFSCME v
BOARD OF COMMISSIONERS OF WAYNE COUNTY

Docket No. 77-2257. Submitted February 14, 1978, at Detroit.—De-
cided October 17, 1978. Leave to appeal applied for.

In December 1974 an examination was given by the Wayne
County Civil Service Commission for the position of communi-
cations supervisor in the Wayne County Sheriff's Department.
A collective bargaining agreement which expired in June 1974
contained no promotional criteria for the position of communi-
cations supervisor. Local 502-M, National Union of Police Offi-
cers, AFL-CIO, which represents nonsupervisory employees in
the sheriff's department, and the county were unable during
1974 to agree on the terms of a new contract, and had submit-
ted the matter to compulsory arbitration pursuant to statute.
In April 1975 the arbitration panel awarded a new labor
agreement, and in July 1975 two of the arbitrators ruled that
all items in the April award were retroactive to July 1, 1974.
The new contract contained promotional criteria for the com-
munications supervisor position different from the criteria
which had been used for the December 1974 examination. Local
502-M filed a grievance complaining that if the new contract
were given retroactive effect, then the examination was given
in violation of the contract, and that more employees were
eligible to take the examination. The grievance was processed
to arbitration and the arbitrator's award ordered that a new
examination be given, and the county prepared to do so. Local
1917, Metropolitan Council No. 23, American Federation of
State, County and Municipal Employees, which represented two
employees who had been promoted to communications supervi-
sor positions as a result of the December examination, filed an
action against the Board of Commissioners of Wayne County,
the Wayne County Civil Service Commission, Local 502-M, and

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146, 155, 156, 300.

[2, 3, 5, 7] 48 Am Jur 2d, Labor and Labor Relations §§ 1196, 1197,
1401.

[4, 6] 48 Am Jur 2d, Labor and Labor Relations §§ 1191, 1194, 1195.

[7] 73 Am Jur 2d, Statutes §§ 211, 212.

William Lucas, the Wayne County Sheriff, to enjoin the county from administering an examination which interfered with the appointments of the two employees. The county defendants filed a crossclaim against Local 502-M, alleging that the arbitration panel was without authority to grant retroactive application of noneconomic terms of a labor agreement. The county moved for summary judgment on the crossclaim, and the Wayne Circuit Court, Joseph A. Moynihan, Jr., J. granted the summary judgment. Local 502-M appeals, alleging that the arbitration panel did have the power to order retroactivity of all terms of the arbitration award, both economic and noneconomic. *Held:*

The grant of the summary judgment was proper. The Legislature, when it enacted the statute providing for compulsory arbitration of labor disputes involving public police and fire departments, did not intend to give arbitration panels the power to grant retroactivity to noneconomic provisions.

Affirmed.

M. F. Cavanagh, J., dissented. He would hold that the issue of retroactivity, having been raised in an employer's counterclaim in an action by the union to enjoin enforcement of a grievance arbitration award, was not properly before the court. However, the issue having been addressed by the court, Judge Cavanagh would hold that retroactivity of the promotional criteria was a mandatory subject of bargaining and thus within the arbitration panel's jurisdiction. The fact that the Legislature did not mention retroactivity of noneconomic terms, while it did provide a limit on the retroactivity of economic terms, does not necessarily mean that the Legislature intended not to empower arbitration panels to grant retroactivity of noneconomic terms. He would reverse.

### Opinion of the Court

1. Statutes—Construction—Intent of Legislature.

The construction of any statute is for the court and the purpose of the court in interpreting a statute is to give effect to the legislative intent.

2. Labor Relations—Arbitration and Award—Police and Fire Departments—Statutes—Noneconomic Benefits—Retroactivity.

The statute which provides for arbitration of contract disputes in the case of public police and fire departments, while it grants an arbitration panel broad powers to settle a dispute, does not

include, and was not intended by the Legislature to include, the power to grant retroactivity to noneconomic benefits (MCL 423.231 *et seq.;* MSA 17.455[31] *et seq.).*

DISSENT BY M. F. CAVANAGH, J.

3. LABOR RELATIONS—ARBITRATION AND AWARD—NONECONOMIC BENE-
    FITS—RETROACTIVITY.

   *The issue of whether a statutory arbitration panel in a contract dispute between a county and its sheriff's department employees has the jurisdiction to order retroactivity of a noneconomic benefit is not properly before the court where the issue was raised by the county as a cross-claim in an action by a union to enjoin enforcement of a grievance arbitration award, and where the county did not file the cross-claim until 18 months after the county was given notice that all the terms of the new agreement were to be retroactive.*

4. LABOR RELATIONS—SUBJECTS OF COLLECTIVE BARGAINING—POLICE
    OFFICERS—PROMOTIONAL QUALIFICATIONS—ARBITRATION AND
    AWARD.

   *Qualifications for police officers' promotions to supervisory positions are a mandatory subject of collective bargaining, and are therefore within the jurisdiction of an arbitration panel where a contract dispute has been submitted to arbitration.*

5. LABOR RELATIONS—PUBLIC EMPLOYMENT RELATIONS ACT—LABOR
    CONTRACTS—NONECONOMIC TERMS—RETROACTIVITY—ARBITRA-
    TION AND AWARD—STATUTES.

   *The retroactivity of noneconomic terms of a labor contract, like qualifications for promotions, is a mandatory subject of collective bargaining under the public employment relations act; therefore the retroactivity of promotional qualifications is a mandatory subject of collective bargaining and is within the jurisdiction of a statutory arbitration panel in a dispute between a county and its sheriff's department employees (MCL 423.215; MSA 17.455[15]).*

6. LABOR RELATIONS—ARBITRATION AND AWARD—PUBLIC POLICE DE-
    PARTMENTS—POWER OF ARBITRATORS.

   *The power of an arbitration panel in a labor contract dispute involving public police officers must be expansively construed in order to protect adequately the employees' rights because public police officers are forbidden to strike in resisting an order of an arbitration panel.*

7. Labor Relations—Statutes—Construction—Arbitration and
   Award—Retroactivity.

> The principle of statutory construction that the express mention
> of one thing implies the exclusion of others does not apply to a
> statute which provides a limit on the retroactivity of economic
> terms of an arbitrated public police department labor contract
> but makes no mention of noneconomic terms because the
> potential conflict between an arbitration award and a public
> employer's budgeting restraints is a special reason for limiting
> the retroactivity of economic terms, while there are no such
> potential conflicts in the case of noneconomic terms (MCL
> 423.240; MSA 17.455[40]).

*Jenkins & Nystrom, P. C.* (by *Stephen J. Hitch-
cock*), for appellant.

*Aloysius J. Suchy,* Corporation Counsel, and
*Joseph P. Girolamo,* Assistant Corporation Coun-
sel, for appellees.

Before: D. E. Holbrook, P.J., and V. J. Brennan
and M. F. Cavanagh, JJ.

D. E. Holbrook, P.J. On June 25, 1976, plain-
tiffs, Metropolitan Council No. 23 and Local 1917,[1]
filed a complaint requesting an injunction prohibit-
ing the defendants from cancelling the appoint-
ments of two men to permanent communications
supervisor positions. On January 28, 1977, defend-
ants and cross-plaintiffs filed a cross-claim asking
the court to set aside the July 7, 1975, ruling of
the 1969 PA 312 arbitration panel insofar as it
relates to retroactivity of noneconomic matters.

---

[1] Plaintiff Council 23 is a labor organization representing "public
employees" within the meaning of § 2 of the public employment
relations act, MCL 423.202; MSA 17.455(2). Plaintiff Local 1917 is
affiliated with Council 23 and represents certain supervisory em-
ployees, including those in the job classification of communication
supervisor, in the Wayne County Sheriff's Office for purposes of
collective bargaining.

On March 11, 1977, cross-plaintiffs-appellees then brought a motion for summary judgment.

Cross-defendant-appellant, National Union of Police Officers, Local 502-M, AFL-CIO (hereafter "Local 502") appeals from an amended order of summary judgment in favor of cross-plaintiffs-appellees, Wayne County Board of Commissioners, Wayne County Civil Service Commission and Sheriff William Lucas (hereafter "the county") which was granted on June 8, 1977. On appeal, Local 502 challenges the circuit judge's conclusion that the 1969 PA 312 arbitration panel (hereafter "arbitration panel") was without authority to grant retroactive application of noneconomic terms in a labor agreement.

The facts in the instant case are not in dispute and are as follows:

On November 11, 1968, and on September 29, 1969, deputy sheriffs' Saulter and Marchand were provisionally appointed to the positions of communication supervisors in the Wayne County Sheriff's Office. In 1974, the county wanted the positions permanently filled, however, a dispute arose regarding the criteria to be used for selecting communication supervisors.

While the parties were negotiating for a new contract, the president of Local 502 wrote a letter to the Wayne County Labor Relations Board concerning a new contract.[2] For several months prior

---

[2] "Huey A. Ferguson, Chairman
Wayne County Labor Relations Board
  728 City-County Building
  Detroit, Michigan 48226
"Dear Chairman Ferguson:
  "This letter is in response to your June 18 and June 26, 1974 communications informing our Union of your willingness to extend the present contract forward past the July 1, 1974 expiration date; with the understanding that all economic agreements shall be retroactive to said July 1, 1974.
  "In order that there will be no misunderstanding as to our position

to August 26, 1974, the Wayne County Labor Relations Board[3] (hereafter the "labor relations board") attempted to negotiate a compromise with Local 502[4] and Metropolitan Council No. 23 and Local 1917 regarding the promotional criteria for the position of communication supervisor. The negotiations were unsuccessful and no agreement resulted. On August 26, 1974, the labor relations board instructed the Wayne County Civil Service Commission to "proceed with the examination as previously announced".

The communication supervisor examination was announced on November 1, 1974, and administered on December 6, 1974. The announcement stated in part as follows:

"ELIGIBLE PERSONS
"This examination is open only to employees of the Sheriff's Office who, at the time of application, have regular status in one of the police classes and have, at least, four years of experience in the Sheriff's Department which includes *two years of experience in the Communication Division.*" (Emphasis added.)

Marchand and Saulter placed number one and two

on this matter, we fully expect all elements of the new agreement, economic and non-economic, to be fully retroactive to July 1, 1974; and the institution of Act 312 gives us said assurance.

"We put absolutely no faith in your promise to make even the economic portions of a new contract retroactive to July 1, 1974 in light of our past experience; we are more than willing to lay before you our reasons to mistrust you at the Friday, June 28, 1974 meeting.

"As previously indicated, we are more than willing to meet with your staff and preferably elected members of your Board in order to negotiate a full agreement without letting a third party do our work for us.

"Very truly yours,

"Jamil Akhtar, President"

[3] The Board of Commissioners had established and authorized the Wayne County Labor Relations Board to represent the Board of Commissioners in collective bargaining relations.

[4] Local 502 represents the nonsupervisory employees within the Wayne County Sheriff's office.

on the examination and were certified to the communication supervisor positions on December 13, 1974.

During 1974, Local 502 and the county were unable to agree on the terms of a new labor agreement to replace the 1971–1974 collective bargaining agreement which expired on June 30, 1974. The matter was submitted to compulsory arbitration pursuant to the provisions of 1969 PA 312, MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.,* (hereafter "Act 312"). The 1971–1974 labor agreement contained no provisions regarding promotional criteria for the job classification of communication supervisor.

Subsequently, on *April 1, 1975,* the arbitration panel resolved the dispute and awarded a new labor agreement. The agreement contained a provision (article XV) which contained promotional criteria and examination procedures for communication supervisor.

On *July 7, 1975,* one of the arbitrators issued a letter of clarification wherein he and the union panelist ruled that all items in the April 1, 1975, arbitration award were retroactive with the exception of certain items not relevant to this proceeding. The employer panelist dissented on the following basis:

"In regards to the effective date of contract benefits, it was never the intention of the employer panelist to concur in transfer and promotion provisions being retroactive to July 1, 1974. That, in effect, would open to dispute the transfers and promotions made and accepted by the parties in good faith under the old contract."

At the time the examination was given, the county was complying with the provisions of its

contract covering the 1971–1974 contractual period. The qualifications and criteria specified in the April 1, 1975, arbitration award differed from those on which Marchand and Saulter had been previously promoted.

Local 502 filed a grievance on July 25, 1975, complaining that the examination was given in violation of the arbitrator's collective bargaining agreement provisions, if given retroactive effect, which increased the number of employees who were eligible to sit for the examination. The grievance was processed to arbitration and on April 16, 1976, an arbitrator issued an award in which a new examination for communication supervisor was ordered.

Pursuant to the last arbitrator's award, the labor relations board instructed the Wayne County Civil Service Commission to announce and administer a new examination for the position of communication supervisor. Metropolitan Council No. 23 and Local 1917, the collective bargaining representative of Saulter and Marchand, filed this action in Wayne County Circuit Court to prevent the county from administering an examination which interfered with the appointments of Marchand and Saulter.

Subsequently, the county filed a cross-claim against Local 502 on the basis that the Act 312 arbitration panel was without authority to grant retroactive application of noneconomic terms in a labor agreement. On April 13, 1977, a Wayne County Circuit Judge granted the county's motion for summary judgment on its cross-claim. On June 8, 1977, the order was amended to reflect a final judgment. Local 502 appealed the amended order of summary judgment.

The sole issue raised on appeal is whether the

trial court erred as a matter of law by ruling that the arbitration award reached pursuant to the provision of Act 312 may not be employed retroactively with respect to noneconomic issues and also as to employment.

This issue is one of first impression in Michigan and deals with the statute, MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.,* passed by the Michigan Legislature which provides for compulsory arbitration of labor disputes involving municipal police and fire departments. None of the statute's sections specifically provide for retroactive application of the noneconomic provisions of arbitrated collective bargaining agreements. Thus, it becomes necessary to determine the Legislature's intent when it enacted this legislation. By ascertaining this intent, we are able to learn whether or not the Legislature intended an Act 312 arbitration panel to have the power of granting retroactivity to noneconomic benefits. It is well settled that the construction of any statute is for the court and the purpose of the court in interpreting that statute is to give effect to the legislative intent. *Aikens v Department of Conservation,* 387 Mich 495, 499; 198 NW2d 304 (1972).

The statute, MCL 423.231; MSA 17.455(31), sets out the public policy of the act as follows:

"It is the public policy of this state that in public police and fire departments, where the right of employees to strike is by law prohibited, it is requisite to the high morale of such employees and the efficient operation of such departments to afford an alternate, expeditious, effective and binding procedure for the resolution of disputes, and to that end the provisions of this act, providing for compulsory arbitration, shall be liberally construed."

Keeping this policy of the Legislature in mind, we proceed to construe the statute.

In *Local 1518, American Federation of State, County and Municipal Employees, AFL-CIO, Michigan Council 55 v St Clair County Board of Commissioners,* 43 Mich App 342, 344–345; 204 NW2d 369 (1972), the Court interpreted MCL 423.231, *et seq.;* MSA 17.455(31) *et seq.* and held that the arbitration panels were granted broad powers to settle contract disputes. However, we hold that these broad powers do not include the power to grant retroactivity to noneconomic benefits. Our decision is based on the following review of the statute.

MCL 423.240; MSA 17.455(40) is the only section of the act which mentions retroactivity. The statute provides:

"A majority decision of the arbitration panel, if supported by competent, material and substantial evidence on the whole record, shall be final and binding upon the parties, and may be enforced, at the instance of either party or of the arbitration panel in the circuit court for the county in which the dispute arose or in which a majority of the affected employees reside. The commencement of a new municipal fiscal year after the initiation of arbitration procedures under this act, but before the arbitration decision, or its enforcement, shall not be deemed to render a dispute moot, or to otherwise impair the jurisdiction or authority of the arbitration panel or its decision. *Increases in rates of compensation awarded by the arbitration panel under section 10 may be effective only at the start of the fiscal year next commencing after the date of the arbitration award. If a new fiscal year has commenced since the initiation of arbitration procedures under this act, the foregoing limitation shall be inapplicable, and such awarded increases may be retroactive to the commencement of such fiscal year* any other statute or charter provisions to the contrary notwithstanding. At any time the par-

ties, by stipulation, may amend or modify an award of arbitration." (Emphasis added.)

The Michigan Legislature clearly states that "increases [in rates of compensation] may be retroactive", but only back to the commencement of the fiscal year, *i.e.,* December 1, 1974. The Legislature specifically speaks of retroactivity but only in regards to economic benefits. The Legislature was conspicuously silent on retroactivity of noneconomic benefits. We hold that had the Legislature intended for arbitration panels acting under the 1969 act to have the power to grant retroactivity to the subject noneconomic provisions, they would have so provided. This Court is constrained to hold that the intent of the Michigan Legislature was not to grant such retroactivity. The trial court properly granted the county's motion for summary judgment on its cross-claim.

Affirmed, costs to cross-plaintiffs-appellees.

V. J. BRENNAN, J., concurred.

M. F. CAVANAGH, J. *(dissenting).* I dissent. In order adequately to explain my reasons for doing so I find it necessary to restate the facts.

This case involves a three-cornered conflict between two unions and an employer. The employer is the Wayne County Board of Commissioners. On November 11, 1968, and September 29, 1969, it provisionally appointed Messrs. Saulter and Marchand, respectively, as Sheriff's Department Communications Supervisors. As supervisory employees their collective bargaining agent was one of the unions here involved, Local 1917, a bargaining unit represented by Metropolitan Council No. 23, AFSCME.

The second union involved in this case is Local

502-M of the National Union of Police Officers, AFL-CIO. Local 502 represents deputy sheriffs employed by the Wayne County Board of Commissioners. On June 27, 1974, shortly before the 1971–1974 contract between these two was due to expire, the president of Local 502 wrote to the employer through its collective bargaining agent, the Wayne County Labor Relations Board, and stated Local 502's intent that all terms of the new agreement, economic and noneconomic, would be retroactive to the expiration of the old agreement. On June 30, 1974, the old agreement expired, and compulsory arbitration commenced pursuant to 1969 PA 312.[1]

During the succeeding months the employer attempted to negotiate a compromise between the two unions regarding criteria for promotion to the position of communications supervisor. No compromise was reached. However, a bilateral "Letter of Understanding" between the employer and Council 23 regarding promotional criteria in general was signed. On August 26, 1974, the employer instructed the Wayne County Civil Service Commission to proceed with an examination for the position of communications supervisor. Among the agreed-upon prerequisites to sit for this examination were four years of experience in the sheriff's department, including at least two years of experience in the communications division. The appellant concedes that these prerequisites complied with the then-expired 1971–1974 contract between the county and its employees.

This examination was not announced until November 1, 1974. In the meantime, the Act 312 compulsory arbitration between the county and

---

[1] MCL 423.231 et seq.; MSA 17.455(31) et seq. Hereinafter "Act 312".

Local 502 continued. The arbitration hearing transcript of September 30, 1974, indicates that the county had agreed that the experience qualification for promotion to communications supervisor would be just four years in the department; two years of experience in the communications division was not required.

When the examination announcement was subsequently posted on November 1st, representatives of Local 502 protested to the county, pointing out that the eligibility criteria were more restrictive than had been agreed to by the parties in the ongoing arbitration.

On December 6, 1974, the county proceeded with the examination as announced. Marchand and Saulter placed first and second, respectively, and were certified to the positions on December 13, 1974.

On April 1, 1975, the arbitration panel awarded a new agreement containing the less restrictive promotional qualifications. In a letter of clarification issued July 7, 1975, two of the panel's three members stated that all items of the award were retroactive to the expiration of the previous agreement.

Shortly thereafter, on July 25, 1975, Local 502 filed a grievance in which it charged that the examination had been given in violation of the collective bargaining provisions, if given retroactive effect. The arbitration of this grievance resulted in an April 15, 1976, order that a new examination be given.

On June 23, 1976, Metropolitan Council No. 23 and Local 1917 brought an action against the county and Local 502 to enjoin giving the new exam. On January 28, 1977, the county filed a cross-claim against Local 502, asking the court to

set aside the retroactivity of the interest arbitration award as it related to promotional qualifications, to vacate the grievance arbitration award of a new examination, and to uphold the permanent appointments of Saulter and Marchand. The county had summary judgment on its cross-claim, and Local 502 appealed.

The sole issue addressed by the majority is whether an Act 312 arbitration panel has jurisdiction to make an interest arbitration award with retroactive effect for noneconomic terms. However, before reaching the merits of this issue I must express my concern at the manner in which the cross-plaintiffs and appellees were permitted to raise it.

Section 12 of Act 312[2] makes specific provision for circuit court review of interest arbitration awards rendered pursuant to the act. However, the challenge to the award in the instant case was not an original action for review under § 12. Here the jurisdictional issue was raised as a cross-claim in an action to enjoin enforcement of a grievance arbitration award. Moreover, this claim was not filed until some 18 months after the county was given explicit notice, through the letter of clarification, that all terms of the new agreement were retroactive.

A very similar case was before this Court in *Dearborn Fire Fighters Ass'n, Local 412, IAFF, AFL-CIO v Dearborn,* 78 Mich App 59; 259 NW2d 240 (1977). In that case, as here, an Act 312 panel had made an interest arbitration award, and the union had subsequently filed a grievance. The union thereafter brought suit to enforce the grievance arbitration award. The employer attempted to attack the Act 312 panel's award by a counter-

---

[2] MCL 423.242; MSA 17.455(42).

claim in the enforcement suit. In *Dearborn Fire Fighters* this Court held that the employer's attack on the interest arbitration award was not "timely and appropriately made in a suit filed to enforce the grievance award",[3] and refused to consider the issue.[4] The only distinction between *Dearborn Fire Fighters* and the instant case is that here the employer's counterclaim attack on the interest arbitration award came in a rival union's suit to enjoin, rather than compel, enforcement of the grievance arbitration award. I find this difference insignificant. *Dearborn Fire Fighters* is fully applicable to the instant case, and indicates that it was improper to permit the county to raise this issue as it did.

However, even if the issue has properly come before this Court, I feel that it has been wrongly decided.

It is generally held that, where the challenged provision of an award is a mandatory subject of collective bargaining, it is within the arbitration panel's jurisdiction.[5] Thus, wages, hours, and con-

---

[3] 78 Mich App at 63; 259 NW2d at 242.

[4] "If the defendant is allowed to successfully challenge the merits of the Act 312 panel's decision in this case there is nothing to stop defendant from tomorrow ignoring a different provision of the new contract, thereby forcing another grievance proceeding and appeal. The plaintiff could also adopt this tactic and refuse to live up to its side of the agreement. The result would be disaster for the statutory scheme of Act 312.

"If police and fire fighter strikes are to be avoided, the alternative method of labor negotiation set up by Act 312's compulsory arbitration scheme must be both expedient and secure. A direct challenge concerning any alleged deficiencies in the arbitration procedure, as allowed by §§ 10 and 12 of the act, is a necessary protection of the rights of the parties, but the challenge procedures are also designed for a quick and binding resolution of all complaints. If a decision of an Act 312 panel is to be 'final and binding upon the parties', as called for by § 10, a section-by-section review of that decision, as attempted here, must be rejected on policy as well as legal grounds." 78 Mich App at 66; 259 NW2d at 243.

[5] *Alpena v Alpena Fire Fighters Ass'n, AFL–CIO,* 56 Mich App 568,

ditions of employment, all mandatory subjects of bargaining,[6] are within the arbitration panel's jurisdiction.[7]

More specifically, and squarely on point in the instant case, this Court has held that the qualifications for police officers' promotions to supervisory positions are a mandatory subject of collective bargaining:

"The standards and criteria for promotion are a mandatory subject of bargaining between the City and the DPOA under section 15 of PERA and the DPOA must be allowed to bargain with the City about a subject which so vitally affects them."[8]

It follows that promotional qualifications are within the Act 312 panel's jurisdiction. But what of the retroactivity of these terms? On this subject we have no direct pronouncement by a court of this state. However, the public employer's duty to bargain is imposed by § 15 of the Michigan public employment relations act.[9] In determining the scope of the employer's obligation to bargain under PERA § 15, which was patterned on the National Labor Relations Act § 8(d), Michigan courts may look to and rely on legal precedents developed under the Federal statute.[10] The National Labor

575; 224 NW2d 672, 676 (1974), *lv den*, 394 Mich 761 (1975), *Roseville v Local 1614, Int'l Ass'n of Firefighters, AFL-CIO*, 53 Mich App 547, 558–559; 220 NW2d 147, 153 (1974), *lv den*, 393 Mich 759 (1974), *Local 1518, AFSCME, AFL-CIO, Michigan Council 55 v St Clair County Board of Commissioners*, 43 Mich App 342, 345–346; 204 NW2d 369, 370–371 (1972).

[6] MCL 423.215; MSA 17.455(15).

[7] *Alpena v Alpena Fire Fighters Ass'n, supra*, n 5, 56 Mich App at 575; 224 NW2d at 676.

[8] *Detroit Police Officers Ass'n v Detroit*, 61 Mich App 487, 497; 233 NW2d 49, 54 (1975), *lv den*, 395 Mich 756 (1975).

[9] MCL 423.215; MSA 17.455(15).

[10] *Detroit Police Officers Ass'n v Detroit*, 391 Mich 44, 53; 214

Relations Board has held that the employer's re-
fusal to bargain over the union's demand for retro-
active application of the collective bargaining
agreement, including noneconomic provisions, con-
stitutes an unfair labor practice as a violation of
the employer's statutory duty to bargain collect-
ively.[11] I would therefore conclude that the retroac-
tivity of noneconomic terms is a mandatory subject
of collective bargaining under PERA § 15.

If collective bargaining is mandatory for promo-
tional qualifications, and for the retroactivity of
noneconomic terms in general, then I see no rea-
son why the retroactivity of promotional qualifica-
tions should not also be a mandatory subject of
collective bargaining. If it is, then it would follow
that this subject is within the Act 312 panel's
jurisdiction.

This construction of the panel's jurisdiction is
consistent with our statutory obligation to con-
strue Act 312 "to afford an alternate, expeditious,
effective and binding procedure for the resolution
of disputes [by] * * * compulsory arbitration."[12]

In addition, because public police officers are
forbidden to strike in resisting an order imposed
under Act 312[13] the arbitrators' power to grant a
complete award must be expansively construed in
order to protect adequately the employees' rights.[14]

The majority's construction of Act 312 may tend

---

NW2d 803, 807–808 (1974); *Roseville v Local 1614, Int'l Ass'n of
Firefighters, supra,* n 5, 53 Mich App at 551; 220 NW2d at 149.

[11] *Big John Food King,* 171 NLRB No. 197; 68 LRRM 1273 (1968),
*Bergen Point Iron Works,* 79 NLRB 1073, No. 143; 22 LRRM 1475
(1948). *See also,* NLRB General Counsel Administrative Ruling, Case
No. SR-1410; 48 LRRM 1428 (1961).

[12] MCL 423.231; MSA 17.455(31).

[13] MCL 423.241; MSA 17.455(41).

[14] *Detroit Police Officers Ass'n v Detroit, supra,* n 8, 61 Mich App
at 491; 233 NW2d at 51.

to inhibit speedy and binding resolution of bar-
gaining disputes and to increase the likelihood of
labor strife. The incentive to settle disputes is
reduced when the employer knows that it can
forestall the application of important terms of a
new agreement simply by prolonging the bargain-
ing and arbitration procedures as long as possible.

Moreover, from the viewpoint of a policy to
prevent strikes among vital public servants, there
is no basis for the majority's distinction between
retroactivity of economic and noneconomic bene-
fits. Disputes over certain noneconomic terms may
hold as much potential for a strike as those over
economic terms. Therefore, the need for arbitrator
power to settle these disputes with awards of
retroactive effect is equally great.

In § 10 of Act 312[15] the Legislature provided for
a limited retroactivity for arbitration panel awards
of economic terms. From the Legislature's failure
to address the retroactivity of noneconomic terms,
and from this alone, the majority infers that the
Legislature did not intend that Act 312 panels
have the power to make retroactive awards of
noneconomic terms. The form of the reasoning
suggests the familiar principle of statutory con-
struction that the express mention of one thing
implies the exclusion of others.[16]

However, if one closely examines the substance
of § 10, it will be seen that § 10 provides for a *limit*
on the retroactivity of economic terms. Thus, if the
Legislature's reference only to economic terms
implies anything about legislative intent, it is that
the Legislature intended to limit the retroactivity
of economic terms only, leaving the arbitrators

---

[15] MCL 423.240; MSA 17.455(40).

[16] *See* 82 CJS, Statutes, § 333, pp 666–670; 73 Am Jur 2d, Statutes,
§§ 211–212, pp 405-406.

fully empowered to settle noneconomic terms retroactively.

My doubts as to whether the majority has properly applied the constructional rule are confirmed by the rule's limits:

"The maxim, Expressio unius est exclusio alterius, is applicable only where in the natural association of ideas the contrast between a specific subject matter which is expressed and one which is not mentioned leads to an inference that the latter was not intended to be included within the statute. Accordingly, the maxim is inapplicable if there is some special reason for mentioning one thing and none for mentioning another which is otherwise within the statute, so that the absence of any mention of such other will not exclude it."[17]

In this case there is an excellent reason for the Legislature to have referred only to the retroactivity of economic terms, and to have limited only their retroactivity. It seems quite likely that § 10 was designed to preclude conflicts between, on the one hand, the public employer's economic obligations imposed by Act 312 arbitration, and, on the other, the public employer's budgeting restraints which arise from other statutes or city charters.[18] Because there is no potential conflict between noneconomic terms and such budgeting constraints, it makes perfect sense to limit only the retroactivity of economic terms and not to limit the retroactivity of noneconomic terms. Section 10 does just that.

The county has also argued on this appeal that

---

[17] 82 CJS, Statutes, § 333, p 670 (footnotes omitted).

[18] See, e.g., MCL 110.10, 110.12, 110.14, 110.15; MSA 5.1939, 5.1941, 5.1943, 5.1944. See generally, Rehmus, Constraints on Local Governments in Public Employee Bargaining, 67 Mich L Rev 919, 921–928 (1969), McAvoy, Binding Arbitration of Contract Terms: A New Approach to the Resolution of Disputes in the Public Sector, 72 Colum L Rev 1192, 1196–1197 (1972).

§ 13 of Act 312[19] precludes retroactive application of noneconomic terms. This statute plainly prohibits only *the parties* from changing the status quo during arbitration, and furthermore prohibits only unilateral changes by the parties. The statute makes no reference to the arbitration panel, and is not reasonably read as a restriction on the panel's power.

Finally, I am untroubled in this case by the equities of a retroactive interest arbitration award and ensuing grievance arbitration award. The county held the promotional examination after notification from Local 502 of its intent to seek retroactive application of noneconomic as well as economic provisions, after the county and Local 502 had orally agreed on new qualifications for the examination, after Local 502 had protested the giving of the examination as being contrary to the oral agreement, and at a time when there was no apparent need for immediate appointment of permanent personnel.[20]

For the foregoing reasons I conclude that the lower court erred by ruling that the Act 312 arbitration panel exceeded its jurisdiction by making an interest arbitration award including retroactive noneconomic terms. Because this ruling was the apparent basis of the order entering summary judgment for cross-plaintiffs, I vote to reverse.

[19] MCL 423.243; MSA 17.455(43).

"During the pendency of proceedings before the arbitration panel, existing wages, hours and other conditions of employment shall not be changed by action of either party without the consent of the other but a party may so consent without prejudice to his rights or position under this act."

[20] The two men subsequently appointed permanent communications supervisors pursuant to the examination, Marchand and Saulter, were already occupying that position on a provisional basis and had done so for several years.