KALAMAZOO CITY EDUCATION ASSOCIATION v KALAMAZOO
PUBLIC SCHOOLS

DETROIT FEDERATION OF TEACHERS·v DETROIT BOARD OF
EDUCATION

Docket Nos. 60912, 59956. Argued January 11, 1979 (Calendar Nos.
13, 24).—Decided July 24, 1979.

The Kalamazoo City Education Association, a union representing
public school teachers, charged that the defendant Kalamazoo
Public Schools had committed unfair labor practices during a
dispute between the faculty and school administration of Hill-
side Junior High School. After hearings on the matter, an
administrative law judge dismissed the charges, and the Em-
ployment Relations Commission affirmed. The union appealed
to the Court of Appeals as of right and also applied for leave to
appeal. The Court of Appeals, Danhof, C.J., and M. F. Cav-
anagh, and Michael J. Kelly, JJ., summarily decided in favor of
the defendant in both cases (Docket Nos. 77-4482, 77-4483).
Plaintiff appeals.

The Employment Relations Commission affirmed a decision of an
administrative law judge that the Detroit Board of Education

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 7] 48A Am Jur 2d, Labor and Labor Relations § 1764.
  73 Am Jur 2d, Statutes §§ 343, 347-352.
[2, 4] 73 Am Jur 2d, Statutes §§ 347-352.
[3] 73 Am Jur 2d, Statutes § 343.
[5] 73 Am Jur 2d, Statutes §§ 145, 146.
[6] 48 Am Jur 2d, Labor and Labor Relations § 510.
  5 Am Jur 2d, Appeal and Error § 681.
[8] 73 Am Jur 2d, Statutes § 350.
[9] 48A Am Jur 2d, Labor and Labor Relations §§ 1646, 1651, 1653.
[10] 48A Am Jur 2d, Labor and Labor Relations §§ 1651, 1653.
[11] 48A Am Jur 2d, Labor and Labor Relations § 1629.
[12, 15] 4 Am Jur 2d, Appeal and Error § 292.
[13] 48 Am Jur 2d, Labor and Labor Relations §§ 1634, 1646. ·
[14] 48 Am Jur 2d, Labor and Labor Relations § 1643.
[16, 17] 48A Am Jur 2d, Labor and Labor Relations §§ 1629, 1631.
[18] 48A Am Jur 2d, Labor and Labor Relations § 1635.
[19] 48A Am Jur 2d, Labor and Labor Relations § 1669.

was guilty of certain unfair labor practices concerning modification of the racial balance in faculty assignments, failing to observe automatic salary increases, and changes in rates of pay for teaching seminars. The Court of Appeals, Quinn, P.J., and R. B. Burns, J. (M. F. Cavanagh, J., dissenting), denied a petition for enforcement brought by the plaintiff Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO (Docket No. 77-394). Plaintiff appeals.

In a unanimous opinion written by Justice Blair Moody, Jr., the Supreme Court *held:*

1. It is first necessary to determine whether amendments of the enforcement and review provisions of the public employment relations act by 1976 PA 99 and 1977 PA 266 apply to these cases. The 1976 amendment was in effect when the MERC entered its order in the *Kalamazoo* case. Moreover, the petitions in both cases were filed in the Court of Appeals after its effective date; therefore, because a petition for enforcement or review brought in the Court of Appeals is an original proceeding, the 1976 amended language would affect both cases. Furthermore, the amendments both dealt with matters of procedure, not matters of substance. In the absence of language clearly showing a contrary intention, statutes related to remedies or modes of procedure which do not create new or take away vested rights will be held to operate retrospectively and will be applied to all actions accrued, pending or future. No vested rights were altered or new obligations imposed by these amendments. Consequently, the language of 1977 PA 266 is retroactively applicable to the parties in these cases.

2. In prior cases, before the 1976 and 1977 amendments, the Court had construed the statute to require plenary consideration in the Court of Appeals of both petitions for enforcement and petitions for review, including oral argument and the issuance of a compendious if not formal opinion. These prior pronouncements must now be reviewed in the light of the amendments.

3. It is apparent from a reading of the statute that the enforcement and review provisions are closely related, and, as in Federal practice, where the parties' claims are timely raised for enforcement or review, they should be processed together in a single proceeding.

4. Either the commission or the prevailing party may bring a petition for enforcement, and the enforcement process is an original proceeding in the Court of Appeals. There is no time limit within which the petition for enforcement must be brought. Once the proceeding is initiated, the Court of Appeals

has jurisdiction "and shall summarily grant such temporary or permanent relief or restraining order as it deems just and proper". The addition of the word "summarily" by 1976 PA 99 leads to the conclusion that the Legislature did not intend enforcement proceedings to be plenary, but, rather, intended the enforcement process to be expedited where there was no petition for review, and to this degree the holdings of prior cases must be limited. In granting summary relief, however, the Court of Appeals must remain cognizant that the proceeding is original in nature and that any order issued must contain enough information to guide the Supreme Court in evaluating an appeal. Consequently, even though a petition for enforcement may be treated summarily, that is, without benefit of oral argument or formal opinion, the Court of Appeals is still required to make a compendious statement of findings and reasons for decision, with relevant authority. This requirement is not inconsistent with the legislative desire to expedite enforcement, yet assures due process for the parties.

5. Because the petition invokes the original jurisdiction of the Court of Appeals, there is no discretion in that Court's responsibility to entertain the petition. The petition may not be dismissed without at least a summary consideration of the matter.

6. Prior interpretations of the review provision have not been significantly altered by the amendments. Review is an original proceeding accorded any aggrieved party as of right. The time to seek review has been limited to 20 days. Under the review provision, the Court of Appeals is not authorized to grant summary permanent relief, only summary temporary relief while the proceeding follows as a review under original statutory jurisdiction, affording the aggrieved party plenary consideration. The proper standard of review includes at a minimum whether the record considered as a whole contains competent, material and substantial evidence to support the decision and order of MERC.

7. If a petition for review is not filed timely, then the nature of review changes drastically. The proceeding then has the status of an enforcement proceeding and the issues are limited because it is conclusively presumed that the order is supported by competent, material and substantial evidence of record. An aggrieved party in such a case is limited to presenting non-evidentiary errors of law in its answer to the petition for summary enforcement.

8. In the *Kalamazoo* case, the Court of Appeals erred in denying the timely petition for review brought by the Kalama-

zoo City Education Association. Under the statute, the plaintiff was entitled to plenary consideration as of right. The case should have been properly docketed and brought on for oral argument with an appropriate opinion addressing the issues raised. Therefore the decision of the Court of Appeals is reversed and the case remanded for full consideration.

9. The *Detroit Federation of Teachers* case presents more difficult problems. A period of delay, here about 18 months, between the order of MERC and the petition for enforcement generally is not a ground for denial of enforcement because of its length alone, because of the continuing obligation imposed by a cease-and-desist order. However, a change in circumstances may affect enforcement. An order does not become unenforceable simply because changed circumstances indicate that there is less need for it than when it was made, but under Federal law when circumstances have clearly changed after an order of the NLRB has issued, a reviewing court has discretion to decide the matter itself or to remand it to the board for further consideration, and when an order has become obviously inappropriate or moot, a reviewing court may deny enforcement.

10. In *Detroit Federation of Teachers,* the defendant contends that the order of MERC is no longer enforceable because a supervening order in a case in the Federal courts conflicts irreconcilably with its directive. The plaintiff has made the appropriate suggestion that the order of enforcement be made subject to the decision of the courts in the Federal case, and there is no legal reason why enforcement would not be proper, subject to that case.

11. The defendant in *Detroit Federation of Teachers* also asserts that a requirement in the MERC order that it furnish certain information about teachers has been rendered moot by a decision of the Supreme Court of Michigan in a case between the same parties. This assertion is incorrect. The information may be very necessary to the plaintiff's grievance at present and in the future, and will certainly be needed in ongoing negotiations.

12. The Court of Appeals erred in denying the petition for enforcement on the basis of changed circumstances in *Detroit Federation of Teachers,* and the decision is reversed and the case remanded for reconsideration.

Reversed and remanded in each case.

1. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ENFORCEMENT — REVIEW — STATUTES — AMENDMENT.

The 1976 amended language of the enforcement and review

provisions of the public employment relations act affects a case filed in the Court of Appeals after the effective date of the amendment, because a petition for enforcement or review brought in the Court of Appeals is an original proceeding (1976 PA 99).

2. Statutes — Amendment — Remedies — Retrospective Application.

Statutes relating to remedies or modes of procedure which do not create new or take away vested rights will be held to operate retrospectively and will be applied to all actions accrued, pending or future, in the absence of language clearly showing a contrary intention.

3. Statutes — Amendment.

A statutory amendment repeals the former provision, serving in its place as if passed in the original legislative enactment.

4. Labor Relations — Public Employment Relations Act — Enforcement — Review — Statutes — Amendment.

The 1977 amended language of the enforcement and review provisions of the public employment relations act is retroactively applicable to a petition for enforcement filed in the Court of Appeals as an original proceeding prior to the amendment's effective date; the amendment dealt with matters of procedure, not matters of substance, and no vested rights were altered or new obligations imposed by it (1977 PA 266).

5. Statutes — Construction.

The Court, in reviewing questions which involve a statutory scheme, first considers the specific language of the statute itself in order to ascertain and declare the intention of the Legislature.

6. Labor Relations — Public Employment Relations Act — Enforcement — Review.

The enforcement and review provisions of the public employment relations act are closely interrelated and form a cohesive procedure for seeking enforcement or review of orders of the Employment Relations Commission; where the parties' claims are timely raised for enforcement or review, they should be processed together in a single proceeding (MCL 423.216, subds [d] and [e]; MSA 17.455[16], subds [d] and [e]).

7. Labor Relations — Public Employment Relations Act — Enforcement — Review.

The enforcement process for an order of the Employment Rela-

tions Commission is an original proceeding in the Court of Appeals, and the public employment relations act imposes no time limit within the petition for enforcement must be brought (MCL 423.216[d]; MSA 17.455[16][d]).

8. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ENFORCEMENT — SUMMARY PROCEEDINGS.

The addition in 1976 of the word "summarily" to the enforcement provisions of the public employment relations act leads to the conclusion that the Legislature did not intend enforcement proceedings to be plenary, but, rather, intended the enforcement process to be expedited where there was no petition for review and to this degree the holdings of prior cases must be limited (1976 PA 99).

9. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ENFORCEMENT — SUMMARY PROCEEDINGS.

The Legislature has made it clear that where enforcement of an order of the Employment Relations Commission is sought the Court of Appeals may summarily grant temporary or permanent relief, i.e., without benefit of oral argument or formal opinion; but the Court of Appeals is still required to make a compendious statement of findings and reasons for decision, with relevant authority (MCL 423.216[d]; MSA 17.455[16][d]).

10. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ENFORCEMENT — SUMMARY PROCEEDINGS — APPEAL AND ERROR.

The Court of Appeals, in granting summary relief on a petition to enforce an order of the Employment Relations Commission, must remain cognizant that the proceeding is original in nature and that any order issued must contain enough information to guide the Supreme Court in evaluating an appeal; this requirement is not inconsistent with the legislative desire to expedite enforcement, yet assures due process for the parties (MCL 423.216[d]; MSA 17.455[16][d]).

11. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ENFORCEMENT — SUMMARY PROCEEDINGS.

There is no discretion in the responsibility of the Court of Appeals to entertain a petition for enforcement of an order of the Employment Relations Commission, because the petition invokes the original jurisdiction of the Court of Appeals; the petition may not be dismissed without at least a summary consideration of the matter (MCL 423.216[d]; MSA 17.455[16][d]).

12. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT —
APPEAL AND ERROR.

Prior interpretations of the review provision of the public employment relations act have not been significantly altered by the 1976 and 1977 amendments; review is an original proceeding accorded any aggrieved party as of right but the time to seek review has been limited to 20 days (1976 PA 99; 1977 PA 266).

13. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT —
APPEAL AND ERROR.

The Court of Appeals is not authorized to grant summary permanent relief under the review provision of the public employment relations act, only summary temporary relief while the proceeding follows as a review under original statutory jurisdiction, affording the aggrieved party plenary consideration (MCL 423.216, subds [d] and [e]; MSA 17.455[16], subds [d] and [e]).

14. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT —
APPEAL AND ERROR.

The proper standard by which the Court of Appeals shall consider petitions for review of orders under the public employment relations act includes at a minimum whether the record considered as a whole contains competent, material and substantial evidence to support the decision and order of the Employment Relations Commission (MCL 423.216, subds [d] and [e]; MSA 17.455[16], subds [d] and [e]).

15. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT —
REVIEW — ENFORCEMENT — TIME.

The nature of review by the Court of Appeals under the public employment relations act changes drastically if the petition for review is not filed timely; the proceeding then has the status of an enforcement proceeding and the issues are limited because it is conclusively presumed that the order is supported by competent, material and substantial evidence of record, and the aggrieved party in such a case is limited to presenting non-evidentiary errors of law in its answer to the petition for summary enforcement (MCL 423.216, subds [d] and [e]; MSA 17.455[16], subds [d] and [e]).

16. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT —
APPEAL AND ERROR — REVIEW.

The Court of Appeals erred in summarily denying a timely petition for review brought under the public employment relations act; under the statute, the plaintiff union was entitled to plenary consideration as of right, and the case should have been properly docketed and brought on for oral argument with

an appropriate opinion addressing the issues raised (MCL 423.216, subds [d] and [e]; MSA 17.455[16], subds [d] and [e]).

17. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ENFORCEMENT — DELAY.

A delay of about 18 months between the order of the Employment Relations Commission and the petition for enforcement generally is not a ground for denial of enforcement because of its length alone, because of the continuing obligation imposed by a cease-and-desist order; however, a change in circumstances may affect enforcement (MCL 423.216[d]; MSA 17.455[16][d]).

18. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — NATIONAL LABOR RELATIONS ACT — ENFORCEMENT — CHANGED CIRCUMSTANCES.

An order of the Employment Relations Commission does not become unenforceable simply because changed circumstances indicate that there is less need for it than when it was made, but under Federal law when circumstances have clearly changed after an order of the National Labor Relations Board has issued, a reviewing court has discretion to decide the matter itself or to remand it to the board for further consideration, and when an order has become obviously inappropriate or moot, a reviewing court may deny enforcement (MCL 423.216[d]; MSA 17.455[16][d]).

19. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ENFORCEMENT.

An order of the Employment Relations Commission concerning the racial balance in faculty assignments in a public school district is not necessarily unenforceable because a supervening order in a case in the Federal courts arguably conflicts irreconcilably with its directive; the order of enforcement may be made subject to the decision of the courts in the Federal case, and there is no legal reason why enforcement would not be proper, subject to that case, because an order to bargain on mandatory matters of negotiation and refrain from unilateral changes of faculty assignments does not require a fixed balance of staff ratio which would contravene Federal directives (MCL 423.216[d]; MSA 17.455[16][d]).

20. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — ENFORCEMENT.

A requirement in an order of the Employment Relations Commission that the defendant public school district furnish certain information about teachers has not been rendered moot by a

decision of the Supreme Court of Michigan in a case between the same parties where the information may be very necessary to the grievance of the plaintiff teachers' union at present and in the future, and will certainly be needed in ongoing negotiations.

*Kemp, Klein, Endelman & Beer* (by *Louis D. Beer* and *Sandra G. Silver)* for plaintiff Kalamazoo City Education Association.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare* for plaintiff Detroit Federation of Teachers.

*Huston & Manske* for defendant Kalamazoo Public Schools.

*Raymond F. Santangelo* for defendant Detroit Board of Education.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank W. Edwards* and *Jon M. DeHorn,* Assistants Attorney General, for Employment Relations Commission.

BLAIR MOODY, JR., J. Plaintiff Kalamazoo City Education Association (hereafter KCEA) appeals from an order of the Court of Appeals summarily affirming the Michigan Employment Relations Commission (hereafter MERC). The MERC had dismissed its petition challenging Administrative Law Judge James Kurtz's determination that defendant Kalamazoo Public Schools had committed no unfair labor practices under the public employment relations act (hereafter PERA). 1965 PA 379, as amended, MCL 423.210; MSA 17.455(10).

Plaintiff Detroit Federation of Teachers (hereafter DFT) appeals from the order of the Court of Appeals summarily denying enforcement of a

MERC order affirming Administrative Law Judge Shlomo Sperka's finding of unfair labor practices by defendant Detroit Board of Education.

The questions presented by these cases involve the interpretation of the enforcement and review provisions of PERA, MCL 423.216(d), 423.216(e); MSA 17.455(16)(d), 17.455(16)(e). We must decide in each instance whether the Court of Appeals erred, in light of recent amendments to these provisions, 1976 PA 99 and 1977 PA 266, when they gave only summary treatment to plaintiffs' petitions from their respective MERC orders. In the course of this determination, we must establish whether one of the amendments, 1977 PA 266, retroactively affects cases originally filed in the Court of Appeals prior to the amendment's effective date. We must also decide in the case of the DFT whether enforcement of an order of the MERC may be denied by the Court of Appeals on the basis of a purported change in circumstances.

We hold that the Court of Appeals did err by summarily denying the petition for review brought by KCEA. On the other hand, we do not find that the Court erred by extending only summary treatment to the petition for enforcement brought by the DFT. See MCL 423.216(d), 423.216(e); MSA 17.455(16)(d), 17.455(16)(e). Further, we hold 1977 PA 266 applicable to these parties, even though their petitions were first filed in the Court of Appeals before the effective date of the amendment. Finally, though we recognize that a change in circumstances may in some cases affect the continuing viability of a MERC order, we find the Court of Appeals erred here by denying the DFT enforcement on the basis of two judicial decisions issued subsequent to the MERC order, *i.e., Bradley v Milliken,* 540 F2d 229 (CA 6, 1976); *Detroit*

*Federation of Teachers v Detroit Board of Education,* 396 Mich 220; 240 NW2d 225 (1976).

## I. Facts

### Kalamazoo

Due to a dispute involving the faculty and administration of Hillside Junior High School in Kalamazoo, the KCEA brought various charges of unfair labor practices against defendant. These charges were originally filed on July 25, 1975 and later amended. Three of the charges were ultimately addressed in an administrative hearing. The first alleged that defendant refused to properly comply with an arbitration award involving the involuntary transfer of a physical education instructor from one school within the system to another. A second charged defendant with a refusal to correctly process the grievance attendant upon the termination of two faculty employees. A third related to defendant's refusal to bargain in good faith regarding certain economic appendices open to contract negotiation during the school year 1975-76. Remaining charges were deferred to arbitration during the administrative hearing.

The matter was brought to hearing on January 27, 1976. During the course of the hearing, plaintiff claimed the administrative law judge wrongly precluded from the record evidence of defendant's bad faith in regard to some aspects of the case deferred to arbitration. Plaintiff also excepted to the judge's interlocutory order of November 10, 1975, quashing the use of a subpoena to obtain evidence concerning a speech by defendant's superintendent. A decision rejecting the KCEA claims and an order of dismissal were issued on November 12, 1976. A majority of the MERC upheld the ruling of the administrative law judge, though

they differed with him on plaintiff's claim of improperly excluded evidence.

KCEA filed both a claim of appeal as of right and an application for leave to appeal with the Court of Appeals. GCR 1963, 803.1, 806.6. The Court of Appeals issued an order summarily enforcing the MERC decision and denying the appeal as of right on December 21, 1977. Another order granting defendant's motion to dismiss the claim of appeal as of right was issued on December 27, 1977. The effect of these orders was to affirm the MERC decision and order by summary treatment. The Court specifically found that a petition to review under MCL 423.216(e); MSA 17.455(16)(e), as amended by 1976 PA 99, does not invoke the Court's jurisdiction as of right and only requires a summary disposition. KCEA appealed to us and we granted leave. 402 Mich 918 (1978).

*Detroit Federation of Teachers*

The DFT filed 11 specific charges of unfair labor practices against defendant board of education on January 16, 1974. The allegations entailed interference with employee rights and refusal to bargain in good faith. All except six charges were withdrawn or dismissed prior to the administrative hearing.

Of the six remaining claims of unfair labor practices, the administrative law judge found that four of them did violate the bargaining provision of the PERA. MCL 423.210; MSA 17.455(10). The first finding concerned defendant's unilateral modification in the existing balance-of-staff formula governing racial balance in faculty assignments. Prior to the fall of 1973, undisputed evidence indicated that the ratio was 75-25%. The defendant then unilaterally altered the minimum critical ratio to 70-30%. The second finding entailed

defendant's failure to observe the automatic salary progression schedule traditionally incorporated into each collective bargaining agreement between the parties. The third finding centered about changes in rates of pay for certain teaching seminars without benefit of any collective bargaining. The judge's final ruling involved defendant's failure to furnish specific information in the form of data concerning agency shop compliance, lists of substitute teachers entitled to receive individual contracts, and names and addresses of "emergency substitutes in regular positions" (ESRPs). With the exception of the second finding, which was dismissed, the MERC affirmed the administrative law judge by a unanimous decision.

On January 31, 1977, the DFT petitioned the Court of Appeals for a summary order of enforcement, citing MCL 423.216(e); MSA 17.455(16)(e), as amended by 1976 PA 99. The Court of Appeals denied plaintiff's petition with an order dated June 7, 1977. Enforcement was denied "because changes in circumstances since the order was entered make present enforcement inappropriate. See *Bradley v Milliken,* 540 F2d 229 (CA 6, 1976), *cert gtd,* [429 US 958]; 97 S Ct 380; 50 L Ed 2d 325 [1976]; *Detroit Federation of Teachers v Detroit Board of Education,* 396 Mich 220; 240 NW2d 225 (1976)." Judge MICHAEL CAVANAGH would have granted the petition for enforcement. Plaintiff appealed to this Court and we granted leave. 402 Mich 856 (1978).

## II. DISCUSSION

### A. Background

Prior to amendment by 1976 PA 99 and 1977 PA 266, the enforcement and review provisions of the PERA read as follows:

"(d) The board may petition the court of appeals for the enforcement of the order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings. Upon the filing of the petition, the court shall cause notice thereof to be served upon the person, and thereupon shall have jurisdiction of the proceeding and shall grant such temporary or permanent relief or restraining order as it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the board. No objection that has not been urged before the board, its member or agent, shall be considered by the court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances. The findings of the board with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive. If either party applies to the court for leave to present additional evidence and shows to the satisfaction of the court that the additional evidence is material and that there were reasonable grounds for the failure to present it in the hearing before the board, its member or agent, the court may order the additional evidence to be taken before the board, its member or agent, and to be made a part of the record. The board may modify its findings as to the facts, or make new findings, by reason of additional evidence so taken and filed, and it shall file the modifying or new findings, which findings with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive, and shall file its recommendations, if any, for the modification or setting aside of its original order. Upon the filing of the record with it the jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review by the supreme court in accordance with the general court rules.

"(e) Any person aggrieved by a final order of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the court of appeals by filing in the court a complaint praying

that the order of the board be modified or set aside, with copy of the complaint filed on the board, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the board. Upon the filing of the complaint, the court shall proceed in the same manner as in the case of an application by the board under subsection (d), and shall grant to the board such temporary relief or restraining order as it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the board. The findings of the board with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive." MCL 423.216(d), 423.216(e); MSA 17.455(16)(d), 17.455(16)(e).

These provisions were closely modeled upon corresponding enforcement and review provisions contained in the National Labor Relations Act.[1] 29 USC 151, 29 USC 160(e) and 29 USC 160(f). Further, they were preceded by and closely parallel provisions to govern enforcement and review of disputes arising in the private sector. See the labor mediation act (hereafter LMA), 1939 PA 176, as amended, MCL 423.23(d), 423.23(e); MSA 17.454(25)(d), 17.454(25)(e).

This Court has in the past had occasion to construe the interdependent enforcement and review sections of the LMA. *Labor Mediation Board v National Music Camp,* 383 Mich 518; 176 NW2d

---

[1] This Court has often recognized that because the PERA was originally derived from the NLRA, federal precedent is persuasive in construing similar provisions of the PERA. See, *e.g., Abood v Detroit Board of Education,* 431 US 209, 223; 97 S Ct 1782; 52 L Ed 2d 261 (1977); *The Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 120; 252 NW2d 818 (1977); *Pontiac Police Officers Ass'n v Pontiac,* 397 Mich 674, 680 and fn 14; 246 NW2d 831 (1976); *Rockwell v Crestwood School Dist Board of Education,* 393 Mich 616, 635-636; 227 NW2d 736 (1975); *MERC v Reeths-Puffer School Dist,* 391 Mich 253, 260; 215 NW2d 672 (1974); *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44, 53; 214 NW2d 803 (1974).

588 (1970).[2] In that case, the Michigan Labor Mediation Board (predecessor to MERC) ordered defendant National Music Camp (Interlochen) to cease and desist from certain unfair labor practices occurring incident to a unionization election of employees. The board further ordered that a new election be held. Upon receiving indication that defendant refused to comply with its order, the board petitioned for enforcement as an original proceeding in the Court of Appeals, pursuant to GCR 1963, 816.2.

The Court of Appeals responded with an order summarily enforcing the board's order in substantial part.[3] Defendant appealed to this Court, claiming that the Court of Appeals erred by disposing of its appeal in a summary order of enforcement. We agreed:

"We find: (1) Plaintiff is not entitled to summary enforcement. The Court of Appeals is required by statute to enforce, upon a petition for enforcement, only those orders in which it finds that the board has (a) acted within its statutory powers; (b) held a hearing comporting with procedural due process; (c) made findings based upon substantial evidence; and (d) ordered an appropriate remedy. 48 Am Jur 2d, Labor and Labor Relations, § 1078, pp 663, 664. (2) Interlochen filed a sufficient answer to bring before the Court of Appeals an issue that should have been decided on the merits." 383 Mich 528.

The Court also recognized that defendant could have processed its appeal pursuant to a review of

---

[2] The enforcement and review subdivisions (d) and (e) of the present act were lettered (e) and (f) under the act as constituted when *National Music Camp* was decided.

[3] The original order of the Court of Appeals omitted any provision to enforce the board's order directing a new election. Subsequently, the Court amended the previous order on its own motion, including the direction of a new representation election.

administrative actions.[4] GCR 1963, 806.6. Our Court concluded that defendant had the right to obtain review of the board's order without initiating a separate proceeding and that such review would entertain all pertinent questions raised.[5] See also *Ford Motor Co v NLRB,* 305 US 364, 369-370; 59 S Ct 301; 83 L Ed 221 (1939). The case was remanded to the Court of Appeals for a proper hearing on the record to determine whether the board's findings were based on substantial evidence.

The import of the decision was to allow aggrieved parties an original right of review whenever the prevailing party petitioned for enforcement. This position was emphasized in two succeeding decisions. *MERC v Detroit Symphony Orchestra, Inc,* 387 Mich 424; 196 NW2d 763 (1972);[6] *MERC v Reeths-Puffer School Dist,* 391 Mich 253; 215 NW2d 672 (1974).

In *Detroit Symphony,* this Court dealt with a petition to enforce a MERC order under the LMA. MCL 423.23(e); MSA 17.454(25)(e). The Court of Appeals ruled summarily against the petition. A dissent was entered by Judge, now Justice, LEVIN in which he found the summary disposition employed by the majority unsound.

This Court agreed with then Judge LEVIN's conclusion. Consistent with *National Music Camp,* this Court again rejected summary treatment of enforcement petitions. Such proceedings were held

---

[4] See, *e.g., Evans v United States Rubber Co,* 379 Mich 457, 460-461; 152 NW2d 641 (1967).

[5] Subsequent decisions recognized this right of review. See *Judges of the 74th Judicial Dist v Bay County,* 385 Mich 710, 729; 190 NW2d 219 (1971); *Dearborn Fire Fighters Ass'n, Local 412, IAFF, AFL-CIO v Dearborn,* 78 Mich App 59, 64-65; 259 NW2d 240 (1977); *People v Martin,* 59 Mich App 471, 478-479; 229 NW2d 809 (1975).

[6] See also *MERC v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 120, and accompanying fn 2; 223 NW2d 283 (1974).

to be original in nature,[7] authorized under a jurisdiction conferred by law. See Const 1963, art 6, § 10. This Court's view of the proceeding was clearly expressed:

"When such a proceeding has been decided by the Court of Appeals, and is made subject to review by this Supreme Court as in section 423.23(e) provided, the decision of the Court of Appeals—either to enforce, modify, or refuse enforcement—has not been made on appeal to that Court. Nor is it treatable as an appeal. It starts in the Court having jurisdiction to entertain it in the first instance, which is the Court of Appeals. By virtue of its original importance, it deserves as suggested in the cases cited below a compendious if not formal opinion of the legislatively appointed court of original jurisdiction. The need for such an opinion is apparent, for as said in one of the earlier Supreme Court cases (*Virginian R Co v United States,* 272 US 658, 675; 47 S Ct 222; 71 L Ed 463, 472 [1926]):

" 'The failure to accompany the decree by an opinion may thus deprive litigants of the means of exercising a sound judgment on the propriety of an appeal. And the appellate court, being without knowledge of the grounds of the decision below, is denied an important aid in the consideration of the case, and will ordinarily be subjected to much unnecessary labor.' " 387 Mich 428-429.

Thus the case was remanded to the Court of Appeals for proper consideration.

Two years later, in *Reeths-Puffer,* this Court again affirmed its prior decisions, finding that the original proceeding[8] invoked the jurisdiction of the

---

[7] The procedure is characterized as a hybrid in federal law. *NLRB v Wagner Iron Works,* 220 F2d 126, 132 (CA 7, 1955); *NLRB v Kellburn Mfg Co, Inc,* 149 F2d 686, 687 (CA 2, 1945). It is both an appeal from the order and an original proceeding for enforcement. See also 48A Am Jur 2d, Labor and Labor Relations, § 1625, pp 129-130.

[8] These original proceedings were distinguished from other proceedings designated "original" in the Court of Appeals:

"In contrast with a complaint for mandamus or superintending

Court of Appeals as of right.[9] Under both the PERA and the LMA, enforcement and review[10] provisions were held to confer mandatory jurisdiction on the Court:

"The act provides that, upon the filing of such petition, the Court of Appeals 'shall' have jurisdiction of the proceeding and 'shall' grant such relief as 'it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside' the MERC order. It was not intended that this reviewing power would be exercised summarily without formal submission, oral argument and opinion." 391 Mich 270.

Most recently, under the review provision of the PERA, we affirmed the principle of appeal as of right from MERC orders. See *Crestwood Teachers Organization v Crestwood Board of Education,* 401 Mich 803 (1977).

In 1976, the Michigan Legislature amended the enforcement and review provisions of both the LMA and the PERA. The changes accomplished the same purpose for both acts. Regarding the LMA, see 1976 PA 98. As amended, the PERA enforcement provision read in relevant part:

"(d) The commission *or any prevailing party* may

---

control, which original proceedings are considered by the Court of Appeals at least initially as motions, a petition for enforcement is not addressed to the discretion of the Court of Appeals." *MERC v Reeths-Puffer School Dist, supra,* 270.

[9] This holding has been recognized subsequently by numerous decisions. See, *e.g., Van Buren Public School Dist v Wayne Circuit Judge,* 61 Mich App 6, 13, fn 3; 232 NW2d 278 (1975); *Prisoners' Labor Union at Marquette v Dep't of Corrections,* 61 Mich App 328, 329, fn 2; 232 NW2d 699 (1975); *Detroit Police Officers Ass'n v Detroit,* 61 Mich App 487, 489, fn 1; 233 NW2d 49 (1975).

[10] The finding of the Court as to review is arguably dictum in *Reeths-Puffer* because the original petition in the Court of Appeals had apparently sought enforcement of the MERC order. 391 Mich 258. Language relative to the Court of Appeals jurisdiction over review petitions is found in a footnote. 391 Mich 270, fn 23.

petition the court of appeals for the enforcement of the order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings. Upon the filing of the petition, the court shall cause notice thereof to be served upon the person, and thereupon shall have jurisdiction of the proceeding and shall *summarily* grant such temporary or permanent relief or restraining order as it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the commission." (Emphasis added.) 1976 PA 99.

Similarly, there were significant changes incorporated into the review provisions of both acts. The amended provision of the PERA read in relevant part:

"(e) Any party aggrieved by a final order of the commission granting or denying in whole or in part the relief sought may obtain a review of such order in the court of appeals by filing in the court *within 20 days of such order* a petition praying that the order of the commission be modified or set aside, with copy of the petition filed on the commission, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the commission. Upon the *timely* filing of the petition, the court shall proceed in the same manner as in the case of an application by the commission under subsection (d), and shall *summarily* grant to the commission *or to any prevailing party* such temporary relief or restraining order as it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the commission. The findings of the commission with respect to questions of fact if supported by competent, material, and substantial evidence on the record considered as a whole shall be conclusive. *If a timely petition for review is not filed under this subdivision by an aggrieved party, the commission or any prevailing party shall be entitled, upon application therefor, to a summary order enforcing the commission's order."* (Emphasis added.) 1976 PA 99.

In 1977, the Legislature further amended the review provisions of both acts. Regarding the LMA, see 1977 PA 265. The added language of the PERA read in relevant part:

"(e) Any party aggrieved by a final order of the commission granting or denying in whole or in part the relief sought may within 20 days of such order *as a matter of right* obtain a review of the order in the court of appeals by filing in the court a petition praying that the order of the commission be modified or set aside, with copy of the petition filed on the commission, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the commission. Upon the timely filing of the petition, the court shall proceed in the same manner as in the case of an application by the commission under subsection (d), and shall summarily grant to the commission or to any prevailing party such temporary relief or restraining order as it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the commission. The findings of the commission with respect to questions of fact if supported by competent, material, and substantial evidence on the record considered as a whole shall be conclusive. If a timely petition for review is not filed under this subdivision by an aggrieved party, *it shall be conclusively presumed that the commission's order is supported by competent, material and substantial evidence on the record considered as a whole,* and the commission or any prevailing party shall be entitled, upon application therefor, to a summary order enforcing the commission's order." (Emphasis added.) 1977 PA 266.

In large part, what we must decide in the present cases involves the meaning and significance of these legislative amendments to the PERA.

*B. Retroactivity*

Before discussing the impact of the recent amendments to the act, we must determine whether they are applicable to the parties in these cases.

Plaintiff KCEA timely filed its petition for review with the Court of Appeals within 20 days of the October 18, 1977 order of the commission denying rehearing of its petition. The Court of Appeals order denying the appeal as of right issued on December 21, 1977. The order granting defendant's motion to dismiss issued on December 27, 1977.

Plaintiff DFT filed its petition with the Court of Appeals for a summary order of enforcement on January 31, 1977. The MERC order affirming the administrative law judge had issued on July 30, 1975. The Court of Appeals order denying enforcement issued on June 7, 1977.

The amending language of 1976 PA 99 became effective immediately on April 27, 1976. The amending terms of 1977 PA 266 became effective immediately on December 8, 1977.

The 1976 amendment was clearly applicable to the plaintiff KCEA, as it preceded the MERC order in that case. Furthermore, both plaintiffs filed their respective petitions as original proceedings[11] in the Court of Appeals after the effective date of 1976 PA 99. The amended language of that act would thus affect both of the instant cases. It is noted in the DFT case that the board subsequently had the full opportunity under the new statutory

---

[11] The character of the original jurisdiction has been described as follows:

"Original jurisdiction is the jurisdiction conferred on or inherent in a court in the first instance. It is to be distinguished from appellate jurisdiction, which is the jurisdiction of a superior court to review the final judgment, order, or decree of an inferior court on the record made in the inferior tribunal, and to affirm, reverse, or modify such decision, judgment or decree. A particular court may, of course, have both original and appellate jurisdiction." 20 Am Jur 2d, Courts, § 98, p 459.

The nature of these original enforcement and review proceedings is specified in the language of the statute itself. See MCL 423.216(d), 423.216(e); MSA 17.455(16)(d), 17.455(16)(e).

20-day period to take an appeal but at no time chose to do so.

Moreover, upon evaluating the language of the 1976 and 1977 amendments, we find it deals with matters of procedure, not substance. Allowing the prevailing party to appeal for enforcement of a MERC order is procedural in nature. As a rule, when amendments relate only to remedy or procedure they may be given a retrospective construction. 21 Michigan Law & Practice, Statutes, § 105, pp 133-134. We have often expressed this principle:

"Statutes related to remedies or modes of procedure which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing will, in the absence of language clearly showing a contrary intention, be held to operate retrospectively and apply to all actions accrued, pending or future, there being no vested right to keep a statutory procedural law unchanged and free from amendment." *Hansen-Snyder Co v General Motors Corporation,* 371 Mich 480; 124 NW2d 286 (1963) (syllabus 1), quoted in *Ballog v Knight Newspapers, Inc,* 381 Mich 527, 533-534; 164 NW2d 19 (1969).

In essence, the amending language repeals the former provision, serving in its place as if passed in the original legislative enactment:

"An amendatory act has a repealing force, by the mechanics of legislation, different from that of an independent statute. Repugnancy is not the essential element of implied repeal of specifically amended sections. The rule is:

" 'Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there.' 25 RCL, Statutes, § 159, p 907. * * *

"Nevertheless, the old section is deemed stricken

from the law, and the provisions carried over have their force from the new act, not from the former. 1 Lewis' Sutherland Statutory Construction (2d ed), § 237.

"It is plain from the authorities in this State and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely and substitute the new section in its place. This effect is not an arbitrary rule adopted by the courts. It is the natural and logical effect of an amendment 'to read as follows.' It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the legislature." *Lahti v Fosterling,* 357 Mich 578, 587-588; 99 NW2d 490 (1959), quoting *People v Lowell,* 250 Mich 349, 354-356; 230 NW 202 (1930).

Further, we note in regard to language specifying an appeal as of right that this Court had previously adopted the principle by judicial interpretation in *Reeths-Puffer,* well before the petition for review was filed by plaintiff KCEA or the petition for enforcement by the DFT. *MERC v Reeths-Puffer School Dist, supra,* 270. No vested rights were altered or new obligations imposed.

As to the conclusive presumption raised on the evidentiary record where the aggrieved party fails to timely appeal, we note that the Court of Appeals did not question the evidentiary record with regard to the MERC order in favor of the DFT. The Court merely found a change in legal circumstances requiring denial. The substantive rights of the board were not affected by the amending language. In any case, under the amended language of 1976, the Court already possessed the authority to issue a summary order of enforcement upon untimely application by an aggrieved party.

Consequently, we find the language of 1977 PA 266 retroactively applicable to the parties in the

instant cases. No question of retroactivity as to 1976 PA 99 arises. We find no merit in the board's assertions to the contrary.

*C. Statutory Interpretation*

In the cases of *National Music Camp, Detroit Symphony* and *Reeths-Puffer,* this Court established a judicial interpretation and policy statement in regard to the enforcement and review provisions of PERA. We construed the statute to require plenary consideration of both enforcement and review petitions, including oral argument and the issuance of "a compendious if not formal opinion". In 1976 and again in 1977, the Legislature amended these provisions. We must now review our prior pronouncements in light of these changes.

In reviewing questions which involve a statutory scheme, this Court first considers the specific language of the statute itself. *The Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 110; 252 NW2d 818 (1977). See also *Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971). We review the language in order to ascertain and declare the intention of the Legislature. *Aikens v Department of Conservation,* 387 Mich 495; 198 NW2d 304 (1972).

It is apparent from a reading of the statute that the enforcement and review provisions are closely interrelated. In tandem, they form a cohesive procedure for seeking enforcement or review of MERC orders. As in Federal practice, where the parties' claims are timely raised for enforcement or review, they should be processed together in a single proceeding. See *Ford Motor Co v NLRB, supra,* 305 US 369-370.

Since the passage of 1976 PA 99, either the

commission or the prevailing party may bring a petition for enforcement. The discretionary nature of the language—use of the word "may" rather than "must"—supports our view of this enforcement process as an original proceeding in the Court of Appeals. See *MERC v Detroit Symphony Orchestra, Inc, supra,* 387 Mich 428-429. Further, this enforcement provision imposes no time limit within which the petition must be brought. The 18 months which elapsed between the date the DFT obtained its order from the MERC and the date it filed its petition for enforcement with the Court of Appeals was not improper under the statute.

Once initiated, the Court of Appeals "shall have jurisdiction of the proceeding and shall summarily grant such temporary or permanent relief or restraining order as it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the commission". MCL 423.216(d); MSA 17.455(16)(d). The addition in 1976 PA 99 of the word "summarily" leads us to the present conclusion that the Legislature did not intend enforcement proceedings to be plenary proceedings in the Court of Appeals.[12] Rather, they intended the enforcement process to be expedited where no petition for review was brought pursuant to MCL 423.216(e); MSA 17.455(16)(e).

To this degree, our holding in prior cases must be limited. The Legislature has made it clear that where enforcement is sought the Court of Appeals may summarily grant temporary or permanent

---

[12] A legislative analysis conducted by the Michigan Department of Labor, which issued contemporaneously with the passage of the 1977 amendments to the PERA and LMA, supports this conclusion:

"The purpose of the bill[s] is * * * to insure the finality of decisions made by the Michigan Employment Relations Commission, which are not appealed, and to remove the ability of losing parties to avoid and delay the enforcement of MERC decisions."

relief. In terms of this summary relief, however, the Court of Appeals must remain cognizant of the fact that the proceeding is of an original nature and that any order they issue must contain enough information to guide us in evaluating a subsequent appeal. Consequently, even though the Court of Appeals may treat an enforcement petition summarily—that is, without benefit of oral argument or formal opinion—we will still require a compendious statement of their findings and reasons for decision, accompanied by relevant authority. This minimal requirement is not inconsistent with the legislative desire to expedite enforcement of MERC orders, and yet assures due process for the parties involved. What we stated in *Detroit Symphony* still holds true:

"The failure to accompany the decree by an opinion may thus deprive litigants of the means of exercising a sound judgment on the propriety of an appeal. And the appellate court, being without knowledge of the grounds of the decision below, is denied an important aid in the consideration of the case, and will ordinarily be subjected to much unnecessary labor." *MERC v Detroit Symphony Orchestra, Inc, supra,* 387 Mich 429, quoting *Virginia R Co v United States,* 272 US 658, 675; 47 S Ct 222; 71 L Ed 463 (1926).

Further, because the petition invokes the original jurisdiction of the Court, we find no discretion in the Court's responsibility to entertain the petition. The Court may not dismiss the petition without at least a summary consideration of the matter. See *Labor Mediation Board v National Music Camp, supra,* 528; *MERC v Detroit Symphony Orchestra, Inc, supra,* 387 Mich 428-429; *MERC v Reeths-Puffer School Dist, supra,* 270.

The review provision presents a different picture. This Court's prior interpretations of the stat-

ute have not been significantly altered by 1976 PA 99 and 1977 PA 266. In *National Music Camp* and *Reeths-Puffer,* the review by the Court of Appeals was characterized as an original proceeding accorded any aggrieved party as of right. The review required was a plenary review, including oral argument and opinion. See *MERC v Reeths-Puffer School Dist, supra,* 270, and accompanying fn 23.[13]

In response to potential delays occasioned by an apparently indefinite period within which an aggrieved party might seek review, the Legislature enacted that portion of 1976 PA 99 which limited the time to seek review to 20 days. By enacting 1977 PA 266 a year later, the Legislature further specified that the review accorded would be as of right. We had so construed the statute previously in *Reeths-Puffer.* 391 Mich 270.

However, the amending language of these acts did not create the basis for summary review as was the case in enforcement proceedings. The language of the two provisions clearly eliminates this interpretation.[14] Under the enforcement provision, the Court of Appeals is given authority to "summarily grant such temporary *or permanent* relief * * * as it deems just and proper". (Emphasis added.) The words "or permanent", appearing in the enforcement paragraph, were excluded from the review provision. Under the review provision, the Court is not authorized to grant summary permanent relief, *only summary temporary* relief while the plenary review as of right is being processed.

In other words, the commission or prevailing party may seek *enforcement* of a MERC order

[13] See fn 10, *supra.*

[14] To this degree, we specifically disapprove the holding in *MERC v Cafana Cleaners, Inc,* 73 Mich App 752, 756-757; 252 NW2d 536 (1977).

immediately or at any time thereafter. On the other hand, an aggrieved party may seek a *review* as of right within 20 days of the order date. However, this right of review exists co-ordinately with that of the commission or prevailing party to obtain temporary relief, "enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the commission". MCL 423.216(e); MSA 17.455(16)(e). The proceeding then follows as a review under original statutory jurisdiction, affording the aggrieved party plenary consideration.

We note that the proper standard by which the Court of Appeals shall consider review petitions includes at a minimum whether the record considered as a whole contains competent, material and substantial evidence to support the MERC decision and order. *MERC v Detroit Smyphony Orchestra, Inc,* 393 Mich 116, 121-124; 223 NW2d 283 (1974).

On the other hand, if a petition for review is not filed timely, then the nature of any review under these provisions changes drastically. First, 1976 PA 99 requires that the status of the proceeding would be returned to that of an enforcement procedure. The MERC or prevailing party would then be in a position to obtain a summary order of enforcement. Also, 1977 PA 266 limits the issues that may be presented in such a case, as it is to be conclusively presumed that the MERC order is supported by competent, material and substantial evidence of record.[15] In essence, an aggrieved party

---

[15] The Department of Labor analysis of the 1977 amendments previously cited gives the following account of the legislative basis for inserting the present evidentiary presumption:

"Under the present statute, parties have ignored orders by the Michigan Employment Relations Commission, forcing it to seek court enforcement of decisions and orders. This bill will reverse the Court decision in *MERC v Cafana Cleaners,* * * * where the Court of Appeals held that, in cases where respondents do not take any action,

who fails to timely apply for review as a matter of right is thereafter limited to presenting non-evidentiary errors of law in its answer to the petition for summary enforcement.

*D. Application*

*Kalamazoo*

The Court of Appeals erred by denying the timely petition for review brought by KCEA. Under the statute, plaintiff was entitled to plenary consideration as of right. The case should have been properly docketed and brought on for oral argument. The statutory proceeding is of a status equal to any review as of right from a MERC administrative decision. See *MERC v Detroit Symphony Orchestra, Inc, supra,* 393 Mich 120-124. A resolution will require an appropriate opinion addressing the issues raised. We thus reverse the Court of Appeals disposition and remand the case to them for full consideration.

*Detroit Federation of Teachers*

This case presents more difficult problems.[16] First, as to the delay between the issuance of the MERC order on July 30, 1975 and the date the DFT filed its petition for enforcement on January 31, 1977, we have already determined that the statute places no limit upon the time in which the

_____

the Attorney General, on behalf of MERC, must prove every aspect of the case, even though all aspects are not covered in the MERC case. This ruling places an unfair burden on those who comply with MERC decisions by giving benefits to those who refuse to comply. While the right to appeal will not be diminished in any way, the premium on procrastination and avoidance of MERC orders will be removed. Enforcement of decisions is the key in carrying out the mandate of the Act, and these amendments are designed to speed up the process." (Citation omitted.)

[16] According to the record, plaintiff's petition was brought pursuant to the review provision. MCL 423.216(e); MSA 17.455(16)(e). The petition should have been brought under the enforcement provision. MCL 423.216(d); MSA 17.455(16)(d). The review provision simply authorizes a summary order of enforcement under the enforcement section where the aggrieved party fails to file a timely petition.

petition may be brought. The reason for this fact relates to the continuing obligation imposed by a cease-and-desist order such as the one involved here. See, *e.g., NLRB v Mexia Textile Mills, Inc,* 339 US 563, 567; 70 S Ct 826; 94 L Ed 1067 (1950). Generally, then, a period of delay through its length alone will not represent ground to deny enforcement. See, *e.g., NLRB v Pool Manufacturing Co,* 339 US 577, 579-581; 70 S Ct 830; 94 L Ed 1077 (1950). We would also note that defendant board possessed the opportunity to seek review and did not. It is not now in a position to object. *NLRB v Andrew Jergens Co,* 175 F2d 130, 134 (CA 9, 1949); *NLRB v Todd Co, Inc,* 173 F2d 705, 708 (CA 2, 1949).

Second, while delay will not normally affect enforcement, defendant's claim of change in circumstances may well do so. It is noted that under federal law an order of the NLRB, lawful when made, does not become unenforceable simply because changed circumstances indicate that the need for the order may be less than when made. *NLRB v Pennsylvania Greyhound Lines, Inc,* 303 US 261, 271; 58 S Ct 571; 82 L Ed 831 (1938). See also *C-B Buick, Inc v NLRB,* 506 F2d 1086, 1093 (CA 3, 1974); *NLRB v Raytheon Co,* 398 US 25; 90 S Ct 1547; 26 L Ed 2d 21 (1970).

On the other hand, when circumstances clearly changed after an order of the NLRB had issued, a reviewing court was given discretion to decide the matter itself or to remand the question to the board for further consideration. *NLRB v Jones & Laughlin Steel Corp,* 331 US 416, 428; 67 S Ct 1274; 91 L Ed 1575 (1947). Further, where an order has become obviously inappropriate or moot because of a change in circumstances, the reviewing court may deny enforcement. *Id.* See also

*NLRB v Raytheon Co, supra* at 27; *United States v W T Grant Co,* 345 US 629, 633; 73 S Ct 894; 97 L Ed 1303 (1953).

Though we recognize that this Federal principle may apply in cases like the present, still we find the MERC order in this dispute of definite continuing validity. In relation to the balance of teaching staff, the MERC order read as follows:

"Rescind change in the balance of staff formula and apply formula as of January, 1974; rescind any personnel changes resulting from the implementation of its illegally adopted new formula; make whole any employees for loss of pay resulting from the implementation of the changed formula; restore any employee affected by the new formula to his previous position of employment without any loss in seniority, benefits or other privileges."

Defendant contends that this order is no longer enforceable because supervening federal authority conflicts irreconcilably with its directive. *Bradley v Milliken,* 540 F2d 229 (CA 6, 1976). The apparent conflict arose when Federal District Judge De Mascio, during the formulation of a new federal desegregation plan for the City of Detroit, included in its provisions a formula for reassignment of teachers involving not more than 70 percent of teachers of one race in each school "subject to collective bargaining agreement provisions".

On appeal, the Sixth Circuit Court of Appeals remanded "this aspect of the case to the District Court for the hearing of the evidence on the issue of faculty assignment". *Bradley v Milliken, supra,* 247. Nonetheless, the Court did recognize the authority to order the reassignment of faculty as an equitable remedy in achieving racial balance. *Id.*

The Court of Appeals was affirmed by the Supreme Court in *Milliken v Bradley,* 433 US 267; 97 S Ct 2749; 53 L Ed 2d 745 (1977).

Realizing that the future progress of federal desegregation in the area of teacher reassignment may affect the original MERC directive, plaintiff DFT suggested in its petition to the Court of Appeals that enforcement be ordered, but subject to the dictates of *Bradley v Milliken:*

"We concede that the decision in *Bradley v Milliken* * * * may affect references in the MERC order, in paragraphs 1a and 2a, to 'balance of staff' issues, only. We accordingly respectfully suggest that the enforcement order of this Court be qualified, 'subject, with respect to "balance of staff" issues, to the decision in *Bradley v Milliken* * * *'." (Citations omitted.)

We find this suggestion appropriate. As the DFT points out, the cease-and-desist order requires defendant to avoid unilateral changes on subjects deemed bargainable; yet any such bargaining would depend upon "specific directives of a federal or other court".

We thus find no legal reason why enforcement would not be proper, subject to *Bradley v Milliken.* The essence of the MERC order is that defendant bargain on mandatory matters of negotiation and refrain from unilateral changes. Within this context, no fixed balance of staff ratio need be established which would contravene federal directives. In short, we find no basis in law to deny enforcement because of conflict with *Bradley v Milliken.*

The other change in circumstances purportedly affecting enforcement relates to plaintiff's access to certain information regarding emergency substi-

tutes in regular positions (ESRPs).[17] In its mandate, MERC ordered the following:

"Supply to the bargaining representative, within a reasonable time after being so requested, information relevant to the conduct and administration of collective bargaining including, if not already furnished at the time of this order, data relating to the implementation of the agency shop provisions of the collective bargaining agreement, including communications with employees not in compliance with that provision, names and addresses or school location addresses, of teachers entitled to individual contracts after completing substitute status requirements."

In a different proceeding, the DFT complained of the board's practice of classifying certified teachers as ESRPs rather than probationary contract teachers. Judge Horace Gilmore ordered the board to provide probationary contracts to ESRPs. The Court of Appeals affirmed; and we reversed, directing the following:

"The case is remanded to the circuit court for entry of a declaration of rights that each 'duly qualified' teacher in the board's employ is entitled to a written, individual contract evidencing the employment relationship. The circuit court may hold this case in abeyance pending determination, either by agreement of the parties or through the grievance procedure, of the kind of contract to which each teacher is entitled. If any teacher is aggrieved by the job classification and contract offered by the board, he may file a grievance. After resolution of any dispute regarding the kind of contract to which a teacher is entitled, the circuit court

---

[17] Defendant notes that the latest contract between the parties contains a provision assuring "that information necessary and relevant to administration of the collective bargaining process would be available to it". Because we consider the MERC order of continuing relevance to the resolution of this dispute, we do not view the question as moot. See, *e.g., C-B Buick, Inc v NLRB, supra,* 1095, fn 18; 1096, fn 21.

may, if necessary, order the board to provide a written, individual contract of the kind awarded in arbitration." (Footnote omitted.) *Detroit Federation of Teachers v Detroit Board of Education,* 396 Mich 220, 228; 240 NW2d 225 (1976).

In the present case, plaintiff took issue with defendant's failure to promptly furnish information requested by the union in order to determine which of its teachers was entitled to a probationary contract under Judge Gilmore's ruling. Defendant contends that our decision in that case reversing Judge Gilmore moots the present MERC order.

We disagree. As plaintiff observed in its reply brief before the Court of Appeals, the information may be very necessary to its grievance at present and in the future:

"Rather, the obligation found by the commission arose out of the collective bargaining relationship and the relevancy of the data as it related to the collective bargaining relationship between the parties, all under PERA. Indeed, the action of the Michigan Supreme Court of April 1, 1976 in *Detroit Federation of Teachers v Detroit Board of Education * * ** emphasizing the grievance process, reinforces the validity of the Michigan Employment Relations Commission order and the necessity for its enforcement." (Citation omitted.)

Certainly, in ongoing negotiations, plaintiff will still have to determine the names and other pertinent data regarding contracts for teachers who had been classified as ESRPs. We find that the affirmative order requiring this data is not mooted by our decision in *Detroit Federation of Teachers v Detroit Board of Education.*

We thus find that the Court of Appeals erred by denying the petition for enforcement on the basis

of changed circumstances. Therefore, we reverse and remand for reconsideration of plaintiff's petition to enforce the MERC order. On remand, the Court of Appeals should enter an order of enforcement pursuant to and as modified by this opinion.

## III. Conclusion

Having found the Court of Appeals in error by denying the parties in *Kalamazoo City Education Ass'n v Kalamazoo Public Schools* a proper plenary proceeding under MCL 423.216(e); MSA 17.455(16)(e), we reverse and remand that case for full consideration. We also find that the Court of Appeals erred in *Detroit Federation of Teachers v Detroit Board of Education* by denying enforcement of the MERC order under MCL 423.216(d); MSA 17.455(16)(d) on the basis of changed circumstances. We reverse and remand to the Court of Appeals for further consideration and for entry of an order of enforcement pursuant to and as modified by this opinion.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and RYAN, JJ., concurred with BLAIR MOODY, JR., J.