DETROIT POLICE OFFICERS ASSOCIATION v CITY OF DETROIT

Docket No. 70799. Submitted February 21, 1984, at Detroit.—Decided September 4, 1984. Leave to appeal applied for.

The Detroit Police Officers Association (DPOA) filed an unfair labor practice charge against the City of Detroit alleging that the city unlawfully refused to bargain over the removal of jobs from the DPOA's bargaining unit following the reorganization of the Detroit Recorder's Court and the creation of the 36th District Court. A hearing referee determined that the city had not unlawfully refused to bargain. The DPOA appealed and the Michigan Employment Relations Commission (MERC) reversed the hearing referee and found the city guilty of violating the public employment relations act (PERA) by refusing to bargain over its decision to subcontract the bargaining unit work of providing court security for the traffic and ordinance and the misdemeanor and examination functions transferred to the 36th District Court from Recorder's Court. An order was issued requiring good faith bargaining over the decision to subcontract the work and requiring the city to reassign bargaining unit personnel to the 36th District Court to perform court security pending satisfaction of the bargaining obligation. The city appealed. *Held*:

1. There is competent, material and substantial evidence supporting the MERC's finding that the court security work at the 36th District Court is bargaining unit work. While the 36th District Court itself is a new entity, the bargaining unit work performed at the Recorder's Court did not cease to exist, but was merely transferred to the 36th District Court.

2. The court reorganization legislation made the city respon-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 75 Am Jur 2d, Trial § 40.

[2] 48A Am Jur 2d, Labor and Labor Relations § 1759.

[3] 48 Am Jur 2d, Labor and Labor Relations § 546 *et seq.*
  48A Am Jur 2d, Labor and Labor Relations § 1764 *et seq.*

[5] 48A Am Jur 2d, Labor and Labor Relations §§ 1769, 1770, 1790.
  What constitutes unfair labor practice under state public employee relations acts. 9 ALR4th 20.
  Bargainable or negotiable issues in state public employment labor relations. 84 ALR3d 242.

sible for maintaining court security at the 36th District Court. The city has the option of using its police officers to provide security at the District Court.

3. The MERC correctly determined that the city's refusal to bargain over the decision to subcontract the bargaining unit work was violative of the PERA.

Affirmed.

1. COURTS — DISTRICT COURTS — COURT SECURITY.

The City of Detroit is the district control unit responsible for maintaining court security in the 36th District Court; the city has the option of using its police officers to provide such security (MCL 600.8103[3], 600.8104[1][b], 600.8283; MSA 27A.8103[3], 27A.8104[1][b], 27A.8283).

2. LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION — APPEAL.

The standard of review applied by the Court of Appeals where a petition for review of orders of the Michigan Employment Relations Commission is timely filed is that the fact findings by the commission are conclusive if supported by competent, material, and substantial evidence on the record as a whole (MCL 423.216[e]; MSA 17.455[16][3]).

3. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — JUDICIAL CONSTRUCTION.

The Court of Appeals may look to federal decisions applying comparable provisions of the National Labor Relations Act for guidance in applying the public employment relations act (MCL 423.201 *et seq.;* MSA 17.455[1] *et seq.*).

4. COURTS — RECORDER'S COURTS — DISTRICT COURTS — COURT SECURITY.

The statutory provision concerning the reorganization of the Detroit Recorder's Court provides for the phasing out of the use of city police officers to provide security in that court and for the phasing out of all responsibility of the city to provide security personnel at that court; to the extent that the statute refers to the transfer of officers presently assigned to the Recorder's Court "to other court duty", it appears to contemplate that city police officers may be used to provide security at other courts, such as the 36th District Court (MCL 600.1417; MSA 27A.1417).

5. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — UNFAIR LABOR PRACTICES — REFUSAL TO BARGAIN COLLECTIVELY.

An unfair labor practice may be found to have occurred where a

public employer refuses to bargain collectively with the representatives of its public employees in regard to the employer's decision to subcontract bargaining unit work out of the employee's bargaining unit to a private agency (MCL 423.210[1][e]; MSA 17.455[10][1][e]).

*Gregory, Van Lopik, Moore & Jeakle* (by *James M. Moore)*, for charging party.

*Dickinson, Wright, Moon, VanDusen & Freeman* (by *John Corbett O'Meara* and *Richard L. Caretti)*, for respondent.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and E. A. QUINNELL,* JJ.

MACKENZIE, J. Appellee, Detroit Police Officers Association (DPOA), filed an unfair labor practice charge against appellant, City of Detroit, with the Michigan Employment Relations Commission (MERC) alleging that the city unlawfully refused to bargain with the DPOA, in contravention of § 10(1)(e) of the public employment relations act (PERA), MCL 423.210(1)(e); MSA 17.455(10)(1)(e), over the removal of jobs from the DPOA's bargaining unit. From a decision and order issued by the Michigan Employment Relations Commission (MERC) finding in favor of the DPOA, the city appeals as of right. We affirm.

The material facts in this case were stipulated to by the parties. Prior to September 1, 1981, court security for the traffic and ordinance division, as well as for the misdemeanor and examination functions of the felony division, of the Recorder's Court of Detroit was provided by 44 police officers represented by the DPOA. Pursuant to the court reorganization mandated by 1980 PA 438, effective

---

* Circuit judge, sitting on the Court of Appeals by assignment.

September 1, 1981, the 36th District Court was created, to which was transferred the traffic and ordinance and the misdemeanor and examination functions previously performed by the Recorder's Court. Regarding court security at the newly-reorganized Recorder's Court, MCL 600.1417; MSA 27A.1417 provides in pertinent part as follows:

"[T]he county of Wayne and the city of Detroit shall enter into a contract * * * which shall provide that the city of Detroit provide courtroom security in the recorder's court in the city of Detroit only until September 30, 1983, or until all of the officers now assigned to the recorder's court felony division have been transferred to other court duty, have elected to transfer to other duty, or have terminated their police service, whichever occurs first."

In accordance with the above, the city temporarily reassigned 18 of the 44 police officers to court security jobs at the Recorder's Court. The city's temporary assignment of these 18 police officers is not at issue in this case and, contrary to the city's assertion on appeal, was not addressed in MERC's decision and order.

Regarding court security at the newly-created 36th District Court, 1980 PA 438 added the following statutory provision:

"In the thirty-sixth district, the district control unit shall be responsible for maintaining court security. Persons providing security services shall be assigned subject to the approval of the chief judge of the thirty-sixth district and, when performing services in the courtroom, shall be subject to the control of the judge holding court." MCL 600.8283; MSA 27A.8283.

The City of Detroit is the "district control unit" for the 36th District Court. MCL 600.8103(3); MSA

27A.8103(3); MCL 600.8104(1)(b); MSA 27A.8104(1)(b). Pursuant to the foregoing, the city unilaterally decided to contract with a private guard agency for the provision of court security services at the 36th District Court. Consequently, the remaining 26 police officers who formerly provided court security for the Recorder's Court functions transferred to the 36th District Court were assigned to other non-court security bargaining unit jobs. While the city indicated its willingness to bargain over the impact of its decision to contract out the court security work at the 36th District Court, it refused to bargain over the decision itself, giving rise to the DPOA's filing of an unfair labor practice charge.

The hearing referee determined that the city had not unlawfully refused to bargain because the court security work at Recorder's Court previously performed by the bargaining unit had ceased to exist after the court reorganization, and because the court security work at the newly-created 36th District Court was not bargaining unit work the removal of which the city was obliged to bargain over. The referee further opined that the Legislature did not intend that police officers provide court security at the 36th District Court since MCL 600.1417; MSA 27A.1417 requires the phasing out of the use of city police officers to provide security at the reorganized Recorder's Court, and MCL 600.8283; MSA 27A.8283 states only that the city is responsible for providing security at the 36th District Court without specifying that the former practice of using city police officers be continued.

A two-member majority of the MERC, however, reversed the referee, explaining in its decision as follows:

"We find that the record in this case does not support the [hearing referee's] conclusion that the work of providing security for the traffic and ordinance and misdemeanor and examination functions of 36th District Court is not bargaining unit because these functions are no longer performed as part of Detroit Recorder's Court. Insofar as the record discloses, it appears that these functions were transferred more or less intact from the former Detroit Recorder's Court to the new 36th District Court. It also appears that positions which are substantially identical to those once filled by bargaining unit members continue to exist and are now being filled by employees of the private contractor, albeit under different employment terms. We find in these circumstances that the transfer of the Detroit Recorder's Court misdemeanor and examination and traffic and ordinance functions to the new court was akin to an administrative reorganization which did not destroy the identity of the work of providing security for these functions. * * *

"We also cannot agree with the interpretation of the Court Reorganization Act on this matter. We note that § 1417 of that statute, which explicitly protects security personnel from the Felony Division of the old Recorder's Court from involuntary transfer to noncourt assignments prior to 1983, makes reference to transfers to 'other court duty'. This suggests that the Legislature anticipated that respondent would be continuing to provide some courtroom security with its own employees. This aside, however, the Court Reorganization Act is silent on the specific question presented by this case. We think it improper to infer from the Legislature's silence that they intended to permit respondent to free itself of its obligation to bargain over work long recognized as part of charging party's bargaining unit. Had they intended this result, of course, they could have so provided.

"Respondent, of course, had no duty to bargian over the transfer of bargaining unit work from Detroit Recorder's Court to the 36th District Court, since this transfer was mandated by statute. This commission, however, has long held that an employer has an obligation to bargain before subcontracting bargaining unit

work to a private contractor, whether or not reasons of economy or efficiency support the decision to subcontract. *Lenawee County Road Commission,* 1970 MERC Lab Op 812; *Davison Bd of Ed,* 1973 MERC Lab Op 824; *Van Buren School Dist,* 1973 MERC Lab Op 714, affirmed 61 Mich App 6; 232 NW2d 278 (1975); *Galesburg-Augusta Community Schools,* 1973 MERC Lab Op 963; *Huron School Dist,* 1980 MERC Lab Op 773; *City of Roseville,* 1982 MERC Lab Op — (Case No. C81 B-63, issued September 27, 1982). The fact that no bargaining unit employee loses his other job as a direct result of the subcontracting does not eliminate the duty to bargain where the subcontracting reduces the number of bargaining unit jobs and results in a loss of work opportunity. *Lenawee County Road Commission, supra; Davison Bd of Ed, supra.* We hold in this case, first, that the work of providing courtroom security for the traffic and ordinance and misdemeanor and examination functions of 36th District Court is bargaining unit work, as the identity of this work was not destroyed when it was transferred from the abolished Detroit Recorder's Court to the new district court. Secondly, we hold that respondent had an obligation to bargain with charging party before subcontracting this work to a private contractor, as this action reduced the number of jobs in the unit and resulted in a loss of work opportunity for member[s] of charging party's bargaining unit."

Hence, the MERC majority found the city guilty of violating § 10(1)(e) of the PERA by refusing to bargain over its decision to subcontract the bargaining unit work of providing court security for the traffic and ordinance and the misdemeanor and examination functions transferred to the 36th District Court. An order was issued by the MERC requiring the city, upon request, to bargain in good faith with the DPOA over its decision to subcontract and requiring the city to reassign bargaining unit personnel to the above-described work at the 36th District Court pending satisfaction of the bargaining obligation.

Where a petition for review is timely filed, as here, fact findings by the MERC are conclusive if supported by competent, material, and substantial evidence on the record as a whole. MCL 423.216(e); MSA 17.455(16)(e); *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 607; 281 NW2d 454 (1979). On appeal, the city contends that there is no competent, material, and substantial evidence supporting the MERC's finding that the court security work at the 36th District Court is bargaining unit work. The city argues that the 36th District Court is a new entity which did not previously exist and that once the traffic and ordinance and the misdemeanor and examination functions of Recorder's Court ceased to exist the bargaining unit work of providing security services thereto ceased to exist. We cannot agree. While the 36th District Court itself is a new entity, the bargaining unit work performed at the Recorder's Court did not cease to exist, but was merely transferred to the 36th District Court. It is undisputed that the traffic and ordinance and the misdemeanor and examination functions of Recorder's Court for which the bargaining unit previously provided security were simply transferred intact to the 36th District Court. The work of providing security for those court functions continues to exist, with only the judicial administrative unit at which that work is performed having been changed.

The city's theory that the bargaining unit work at issue herein was eliminated, making the instant case analogous to a partial plant closing, is not supported by the undisputed facts and was properly rejected by the MERC. That the bargaining unit work at issue did not cease to exist by virtue of its transfer to the 36th District Court is illus-

trated by the decision in *National Labor Relations Bd v Production Molded Plastics, Inc,* 604 F2d 451 (CA 6, 1979). This Court may, of course, look to federal decisions applying comparable provisions of the National Labor Relations Act for guidance in applying the PERA. *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44, 53; 214 NW2d 803 (1974); *Michigan Employment Relations Comm v Reeths-Puffer School Dist,* 391 Mich 253, 260; 215 NW2d 672 (1974). In *Production Molded, supra,* the employer shut down one of its plants where 15 employees had worked, and transferred those 15 jobs to another plant; the court found that the factual situation did not present a plant closing or elimination of bargaining unit work, but rather merely a relocation of bargaining unit work.

Nor was the bargaining unit work involved herein eliminated in the sense that the city, pursuant to the court reorganization legislation, was no longer responsible for providing personnel to perform the work or was precluded from using city police officers to perform the work. Rather, the court reorganization legislation made the city responsible for maintaining court security at the 36th District Court. MCL 600.8283; MSA 27A.8283; MCL 600.8103(3); MSA 27A.8103(3); MCL 600.8104(1)(b); MSA 27A.8104(1)(b). We agree with the MERC that there is nothing in the court reorganization legislation indicating an intent that the city not use its police officers to provide security at the 36th District Court. Under the general language of MCL 600.8283; MSA 27A.8283 making the city "responsible for maintaining court security" at the 36th District Court, the city has the option of using its police officers to provide security.

We cannot agree with the city's and the refer-

ee's interpretation of MCL 600.1417; MSA 27A.1417, quoted above, as reflecting legislative intent that police officers not be used by the city to provide security at the 36th District Court. That statutory provision concerns only the reorganized Recorder's Court, not the 36th District Court, and it provides not simply for the phasing out of the use of city police officers to perform security, but the phasing out of all responsibility of the city to provide security personnel at that court. Furthermore, to the extent that MCL 600.1417; MSA 27A.1417 refers to the transfer of officers presently assigned to the Recorder's Court "to other court duty", it appears to contemplate that city police officers may be used to provide security at other courts, such as the 36th District Court.

In sum, we hold that the MERC correctly determined that the work of providing security for the traffic and ordinance and the misdemeanor and examination functions of the 36th District Court constituted bargaining unit work. It is undisputed that the city unilaterally decided to subcontract that work out of the bargaining unit to a private guard agency without first bargaining with the DPOA, as it requested. The city in this appeal does not challenge the MERC's legal conclusion, given that the security work at the 36th District Court constituted bargaining unit work, that the refusal to bargain over the decision to subcontract this bargaining unit work was violative of § 10(1)(e) of the PERA.

Affirmed. Costs to appellees.